[No. 4753.]

DONALDSON v. THE PEOPLE.

1. **Evidence—Cross-Examination—Conspiracy to Convict.**

In a prosecution for rape, it was not error to refuse to per-
mit defendant to cross-examine witnesses for the prosecution in
support of his charge that a conspiracy existed on the part of
certain officers of the law and other persons to unlawfully secure
his conviction, where the matters sought to be drawn out had
not been the subject of inquiry on direct examination, and did not
affect the credibility of the witnesses.

2. **Rape—Evidence—Complaint of Prosecutrix—Explanation of
Delay in Making.**

In a prosecution for rape, alleged to have been committed by
a father upon his fourteen-year-old daughter, where no complaint
was made by the prosecutrix of the assaults made upon her until
several months after their occurrence, but she stated that the
reason she did not make earlier complaint was that her father
had threatened to kill her if she ever told anyone, it was not

error to receive testimony that the complaint was made, and the explanation of the delay.

**3. Rape—Evidence—Complaint of Prosecutrix—Details.**

In a prosecution for rape, where evidence was received that complaint was made by the prosecutrix, details of the complaint made are not admissible except when elicited by cross-examination, or by way of confirming the testimony of the prosecutrix after it has been impeached, but where the only objection made to the admission of the testimony at the time of its admission, was that defendant was not present when the complaint was made, the objection on the ground that details of the complaint were given was waived, and cannot be urged in the appellate court.

**4. Rape—Evidence—Conspiracy to Convict Defendant.**

In a prosecution for rape, the evidence examined and held that there was no evidence tending to prove a conspiracy to unlawfully convict the defendant.

**5. Same—Instructions.**

In a prosecution for rape, where defendant charged that a conspiracy existed on the part of certain officers of the law, and others, to unlawfully secure his conviction, and defendant's counsel, in his opening statement to the jury, stated that evidence would be introduced to support such charge, and the evidence offered was admitted as tending to impeach the credibility of the prosecuting witness, but it had no tendency to show a conspiracy to unlawfully convict defendant, an instruction to the effect that there was no evidence of a conspiracy to convict defendant, and that the jury should disregard any statements made by defendant's counsel, in his opening statement, that evidence would be introduced in support of such theory, was proper.

*Error to the District Court of Larimer County: Hon. James E. Garrigues, Judge.*

Mr. FRANK J. ANNIS and Mr. FRED W. STOW, for plaintiff in error.

Mr. N. C. MILLER, attorney general, Mr. H. J. HERSEY and Mr. I. B. MELVILLE, for the people.

Mr. JUSTICE STEELE delivered the opinion of the court.

T. J. Donaldson, having been convicted of the

crime of rape in the district court of Larimer county, brings the case here for review. The court, it is alleged, in the assignment of errors discussed, committed error: (1) In refusing to permit the defendant to cross-examine witness for the prosecution in support of his charge that a conspiracy existed on the part of certain officers of the law and others to unlawfully secure his conviction. (2) In receiving declarations of the prosecutrix made several months after the assaults charged, without satisfactory explanation of the delay. (3) In permitting witnesses to state the details of the complaint made by the prosecutrix. (4) In excluding from the consideration of the jury evidence tending to prove a conspiracy, and in giving an instruction stating that there was no evidence of a conspiracy to prosecute the defendant and directing that the statements of counsel in opening the case be disregarded.

It appears to us that great latitude was allowed the defendant in his cross-examination of the witnesses for the state. The matters sought to be brought out were not proper on cross-examination, as they had not been the subject of inquiry on direct examination, and did not affect the credibility of the witnesses. The court did not unreasonably curtail the privilege of cross-examination, and no error is shown to have been committed.

The prosecutrix made no complaint of the assaults made upon her until several months after their occurrence, but she stated that the reason she did not make earlier complaint was that her father had threatened to kill her if she told anyone. No error was committed in receiving testimony that the complaint was made and the explanation of the delay, as the jury was properly instructed upon the subject.

The witness, Nellie Light, was permitted to testify, over the objection of the defendant, to the fact

that the witness Violet Donaldson had stated to her that the defendant had maltreated her and had had sexual intercourse with her at the home near Fort Collins. The specific objection was that the statement was not made in the presence of the defendant. The rule which permits the declaration of the prosecutrix in cases of rape to be given, limits such statements to the mere complaint, and prohibits the giving of the details of the offense, the name of the assailant or the place where the assault was committed.

"Though the prosecutrix may be asked *whether she made complaint of the injury,* and when and to whom, and the person to whom she complained is usually called to prove that fact, yet the particular facts which she stated are not admissible in evidence, except when elicited in cross-examination, or by way of confirming her testimony after it has been impeached. On the direct examination, the practice has been merely to ask whether she made complaint that such an outrage had been perpetrated upon her, and to receive only a simple 'yes' or 'no.' Indeed, the complaint constitutes no part of the *res gestae;* it is only a fact corroborative of the testimony of the complainant; and, where she is not a witness in the case, it is wholly inadmissible."—3 Greenleaf on Evidence, § 213.

This is the law as it prevails in nearly all of the states. In a very few of the states the details are held to be admissible, and in Michigan the details of the complaint are held admissible under some circumstances, as where the prosecutrix is of tender years. By the early common law the woman was required to immediately make complaint to some credible person of the injury she had suffered and to afterwards make a charge before a public official. Later, the requirements concerning the making of

the complaint were removed; but if she did not,
shortly after the commission of the offense, make
complaint, that fact could be considered by the jury
as original evidence.   Or if considerable time elapsed
before the complaint was made, if satisfactory expla-
nation was offered for the delay, the person to whom
complaint was made was permitted to testify, and
the fact of the complaint having been made and the
explanation of the delay in making the complaint
were to be considered by the jury under proper
instructions.   So, if the person assaulted makes no
outcry, nor, within a reasonable time, makes com-
plaint of the injury, these facts may be considered
by the jury as circumstances throwing light upon
her evidence; the theory of the law being that timely
complaint tends to corroborate the prosecutrix, while
silence tends to discredit her story.

The attorney general urges that the defendant's
objection was not such as called to the attention of
the court the objection which he now presents.   The
question of the district attorney was: "Question.
During that time state whether. she made any com-
plaint to you in regard to her father."   The witness
was then asked by the defendant's attorney if the
defendant was present, and the witness said he was
not.   The following interrogatory was then pro-
pounded to the witness: "Q.   State what complaint
she made of her father."   The defendant objected,
upon the ground that it was admitted that the defend-
ant was not present.   The objection was overruled.
This objection does not call to the attention of the
court that the details of the complaint are called for
and that such details are inadmissible.   If the objec-
tion which is now made had been made at the trial,
the court would have been compelled to sustain the
objection; and we must now hold that although the
testimony of the witness was not admissible, that the

defendant by not making the proper objection at the trial waived the objection he now urges.

Instruction No. 10, given by the court, is as follows: ''There is no evidence in this case of a conspiracy to prosecute the defendant upon this charge, and you should wholly disregard any statements made by counsel in the opening of this case, that evidence would be introduced in support of such a theory.''

In support of the charge that a conspiracy existed to convict the defendant, the counsel have made a summary of the testimony. Therein it is stated that the city marshal, John A. Place, made the complaint against the defendant; that he had frequent interviews with the prosecutrix; that he gave her presents of nuts and candy and theater tickets; that Evalina Smith had won the friendship of the girl; that the mother of the prosecutrix forbade visits to Mrs. Smith; that prosecutrix and her mother had a dispute a few hours before the arrest of defendant, about a dress, and that prosecutrix threatened, if not permittted to have her way, to leave home and disgrace the whole family; that within a few hours thereafter, defendant and his wife were both placed under arrest upon the complaint of Place, charged with incest; that Place verified all the complaints; that he threatened the mother subsequent to the arrest of the father that if she did not assist in the prosecution of the father, she would be placed under arrest; that after the arrest of the defendant, the prosecutrix was placed in the custody of Evalina Smith and kept there until after the preliminary examination, when she was removed to Denver; that the mother was not permitted to see her; that on July 16, 1903, while the mother of prosecutrix and the daughter Iva were at the office of the Humane Society, Iva was seized by the agents of the

society and taken from the custody of the mother without authority of law, and kept by said agent until the trial without permitting her to see her mother except on one occasion, and then in the presence of the agents of the society; that the mother was not permitted to hold conversation with the daughter Iva respecting the troubles of the father; that after the preliminary examination the daughter Iva stated to counsel and others, that she did not know of a single thing against her father, of any act or thing which he had ever done to any of the girls that was not the act of a father, or any act that was wrong.

The court very properly held that there was no evidence of conspiracy. The evidence relied upon does not tend to show that the officers and others agreed to procure the conviction of the defendant by unlawful means. The summary shows that the court did not restrict the scope of the examination of witnesses to such extent as to warrant us in reversing the case for that reason.

During the examination of Mrs. Donaldson, wife of the defendant, the only witness examined at any length by the defendant, the court, in passing upon an objection by the district attorney, said:

"The court will allow you to show relations of sociability, familiarity, friendliness, and other acts of attention upon the part of Place to the witness, Violet; it is done according to your theory of the case. You contend the man Place had undue influence over the girl; for the purpose of throwing light upon the conditions, you will be allowed to show the relations that existed between Place and the girl."

Under this ruling, the testimony which the defendant claims should have gone to the jury in support of his charge of conspiracy was received, and the jury considered it under proper instructions. The theory upon which it was received was that it

affected the credibility of the witness, and this, we think, was proper. The testimony was not excluded from the consideration of the jury, and the instruction cannot be regarded as one commenting on the weight of the evidence, for the jury was free to consider it for the only purpose for which it was admissible, namely, that it affected the credibility of the witnesses.

The witness, Violet Donaldson, a child about fourteen years of age, testified positively that the defendant, her father, had sexual intercourse with her on several occasions. The jury believed her.

As no error was committed by the court, the judgment is affirmed.

*Affirmed.*