## No. 13,756.

### GRANATO v. PEOPLE.
(49 P. [2d] 431)

Decided August 12, 1935. Rehearing denied September 30, 1935.

Mr. JOEL E. STONE, Mr. J. PAUL HILL, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. WALTER F. SCHERER, Assistant, for the people.

*In Department.*

MR. CHIEF JUSTICE BUTLER delivered the opinion of the court.

SALVATORE Granato, a young man twenty-two years of age, was charged, under C. L. section 6689 (1), with the statutory rape of a girl sixteen years of age. He was

found guilty and was sentenced to imprisonment in the penitentiary. He seeks a reversal of the judgment.

The girl, whom we shall refer to as L, and another girl testified in detail to the commission of the offense. A disinterested witness, an officer of the bureau of child and animal protection, testified that when charged in the presence of L with having committed the offense, he admitted it, but said: ''We asked the girls how old they were and they said 19.'' After the matter was placed in the hands of the officer of the Bureau, the defendant offered to pay L one-half of what his attorney's fee would be if she would settle out of court, but she refused the offer. At the trial the defendant denied that. he had sexual intercourse with L.

The defendant does not contend that the evidence was not sufficient to support the judgment, but claims that the court erred in admitting certain evidence and in giving an instruction.

██ ██ 1. It is said that the court erroneously admitted evidence tending to show that the defendant committed an offense other than the one for which he was being tried. The evidence for the people was to the effect that on the night in question the defendant and another young man, whom we shall refer to as R, took L and another young girl, whom we shall refer to as E, for a ride in an automobile having only one seat; that all four sat on that seat; that when they reached a secluded place R pulled E out of the car; that the defendant aided him in so doing; that the defendant prevented L from aiding E when R was attempting to rape E, and said that unless E permitted R to have intercourse with her, he would help R accomplish his purpose and would himself have intercourse with E; that after E was removed from the car the defendant had sexual intercourse with L without her consent, using force to accomplish his purpose. Counsel for the defendant complain that the evidence concerning the action of the defendant in aiding R tended to show that the defendant committed an independent crime,

namely, that of aiding and abetting R in the commission of a crime. The court did not err in receiving the evidence. The defendant aided R to remove E from the car so that he, the defendant, could have the use of the car in accomplishing his own criminal purpose. The evidence related to facts that constituted an inseparable part of the entire transaction. Moreover, it was introduced without objection; hence the defendant is not entitled to urge the objection in this court.

2. Another assignment is that the court erred in admitting the evidence concerning R's misconduct with E. The assignment is without merit. From the people's evidence, which the jury, by their verdict, found to be true, it is apparent that when the two men, acting in concert, induced the two girls, both under eighteen years of age, to accompany them in the automobile, they had the common intent and design to debauch the girls, and that they succeeded in accomplishing their purpose. In receiving the evidence of the entire transaction, the court did not err. Besides, no objection was made to the introduction of the evidence; so the defendant is in no position to urge the objection at this time.

3. Counsel for the defendant complain of the admission in evidence of the details of the complaint made by L to a Mrs. Gustafson. Evidence of the details should not have been received. *Donaldson v. People,* 33 Colo. 333, 80 Pac. 906. But the defendant waived the right to urge the objection here by not making the proper objection to the evidence when it was introduced. *Donaldson v. People, supra.* Moreover, L made complaint to the officer of the Bureau. It contained all of the details. It was read over to the defendant in L's presence, and the defendant thereupon admitted that he had sexual intercourse with L. Such evidence was properly admitted. The admission of the complaint made to Mrs. Gustafson, containing, as it did, but few details, was harmless in view of the complaint to the officer, which complaint was properly before the jury.

■ 4. L testified that the defendant's father, mother, brother, uncle and aunt wanted her to go to their lawyer, saying that if she would tell him nothing happened, there would not be any case. Another witness testified that the defendant's relatives tried to get L to drop the case. L's mother testified that the defendant's aunt suggested: "Let's settle it in other ways to keep the boy out of trouble"; that "they would do us favors in other ways." It is contended that the court committed reversible error in admitting in evidence the suggestion and statements made by the defendant's relatives in the absence of the defendant. But L had stated to the defendant's aunt that the defendant "had not harmed her in any way, or mistreated her in any way." The relatives, believing her statement, had a right to ask L to tell the lawyer the truth and stop the prosecution. The evidence to which objection is made, though hearsay, was not prejudicial to the defendant.

■ 5. In their brief the defendant's counsel say that the court gave the following instruction: "The Court instructs the jury, that upon the trial of one accused of the crime of rape the fact that the prosecutrix made prompt and early complaint of the wrong and injury committed upon her person, is independent and original evidence, and is admissible and may be received and considered by the jury in corroboration of other testimony given in the case."

After inserting in their brief what professes to be a copy of the instruction, counsel attack it on the ground that it does not correctly and properly limit the evidence of the complaint to the purpose for which such evidence is received; namely, to corroborate the testimony of the *prosecutrix.*

In *Donaldson v. People, supra,* we thus stated the law on the subject: "The rule which permits the declaration of the prosecutrix in cases of rape to be given, limits such statements to the mere complaint, and prohibits the giving of the details of the offense, the name of the assailant

or the place where the assault was committed. * * * So, if the person assaulted makes no outcry, nor, within a reasonable time, makes complaint of the injury, these facts may be considered by the jury as circumstances throwing light upon *her* evidence; the theory of the law being that timely complaint tends to corroborate the *prosecutrix,* while silence tends to discredit *her* story.'' And in that case we quoted with approval the following statement of the law found in 3 Greenleaf on Evidence, section 213: ''Though the prosecutrix may be asked *whether she made complaint of the injury,* and when and to whom, and the person to whom she complained is usually called to prove that fact, yet the particular facts which she stated are not admissible in evidence, except when elicited in cross-examination, or by way of confirming *her* testimony after it has been impeached. On the direct examination, the practice has been merely to ask whether she made complaint that such an outrage had been perpetrated upon her, and to receive only a simple 'yes' or 'no.' Indeed, the complaint constitutes no part of the *res gestae;* it is only a fact corroborative of the testimony *of the complainant;* and where she is not a witness in the case, it is wholly inadmissible.'' (Part of the italics are ours.)

As copied in the brief, the instruction fails to limit properly the purpose for which such evidence is received and may be considered by the jury, and would be especially objectionable in view of the fact that some details were included in the evidence of the complaint made by L to Mrs. Gustafson. The correctness of the copy was not challenged by counsel for the people; but it seemed so incredible that a court would so instruct the jury, that we examined the transcript and found that in copying the instruction counsel inadvertently omitted the word ''her,'' which omission changed a correct instruction into an erroneous one. The instruction given by the court advised the jury that the evidence of the complaint made by the prosecutrix ''is admissible and may be received

and considered by the jury in corroboration of *her* other testimony given in the case." (Italics are ours.) The instruction given by the court is not erroneous.

We find no reversible error in the record. The judgment is affirmed.

MR. JUSTICE BOUCK, MR. JUSTICE HOLLAND and MR. JUSTICE YOUNG concur.