CASCARELLA *v.* NATIONAL GROCER CO.

1. TORTS—ACTIONS—PARTIES—JOINT TORT FEASORS—JOINDER.
   Joint tort feasors may be sued individually or jointly.

2. SAME—PRINCIPAL AND AGENT.
   Where a wrong is committed by an agent for the principal under circumstances which make the principal liable, there are two actors, the principal and the agent, and the injured party may sue either or both.

3. CORPORATIONS—AGENTS—TORTS—RATIFICATION.
   The general agent of a trading corporation, having authority to act in the interests of the corporation and to institute a criminal prosecution to protect those interests, has authority to ratify a prosecution begun by an agent who had not such authority.

4. MALICIOUS PROSECUTION—DEFENSES—COMPROMISE AND SETTLEMENT.
   No action can be maintained for maliciously prosecuting a suit which was terminated by compromise and settlement.

5. SAME—TERMINATION OF SUIT—SUFFICIENCY.
   Where, upon learning the facts antedating plaintiff's arrest for larceny, the magistrate discharged him upon the merits, the fact that plaintiff paid the costs because told that unless he did so he would have to go back to jail did not operate as a compromise and settlement of the prosecution so as to bar his action for malicious prosecution

6. SAME—ADVICE OF COUNSEL.
   When an examining magistrate or counsel advises one that upon the facts stated it is doubtful if the party has committed any crime, the party applying for a warrant proceeds at his own risk.

7. SAVING QUESTIONS FOR REVIEW—EXCESSIVENESS OF VERDICT—NECESSITY OF MOTION FOR NEW TRIAL.
   Where there is a legal basis for the damages assessed a motion for a new trial is necessary to raise the question of excessiveness of the damages.

Error to Ingham; Wiest, J.   Submitted November 13, 1907.   (Docket No. 178.)   Decided January 31, 1908.

Case by Charles Cascarella against the National Grocer Company and Charles R. Nesen for malicious prosecution. There was judgment for plaintiff, and defendants bring error. Affirmed.

*T. Rogers Lyons* (*E. S. Avery*, of counsel), for appellants.

*F. L. Dodge* (*Cyrenius P. Black*, of counsel), for appellee.

This is an action for malicious prosecution. The trial resulted in a verdict for plaintiff for $500. Plaintiff kept a small retail confectionery store in Lansing. Defendant is a foreign corporation doing business in Michigan, with a branch at Lansing, and its home office in Chicago, whose general manager is one Gamble, and one Nesen is its local cashier. Plaintiff had bought several small bills of goods on 30 days' time and had paid for them. On October 3, 1906, he purchased of defendant a bill of goods amounting to $38.15 on 30 days' time. This bill was considerably larger than were his former bills. October 16, 1906, plaintiff sold his business and stock to one Peter De-Rose for $375. On the same day, about 5 o'clock, defendant's salesman, Mr. Mott, called at the store and was there informed that Mr. DeRose had bought out plaintiff and was in possession, and testified that Mr. DeRose said, plaintiff "has gone to Italy." Mr. Mott reported this to Nesen, Mr. Gamble being absent, and Mr. Nesen made inquiries of certain Italians as to the whereabouts of plaintiff, and testified that the usual answer he received was, "He gone; he no come back. If you want him get him quick." He also received information that plaintiff had gone to Albion, Mich., where he had a brother. Between 11 and 12 o'clock defendant Nesen called at police headquarters in Lansing, and asked the policeman then in charge to call up the marshal in Albion, and keep posted on the whereabouts of plaintiff. Mr. Nesen called up Mr. Roe, the police justice, by telephone, desiring to get a

warrant that night, but Mr. Roe made an appointment to meet him at his office in the morning.   In the morning, before going to the justice's office, Nesen called upon a brother of plaintiff who was in the city and whom he had interviewed the night before, and elicited from him the information, "He (meaning plaintiff) gone." · Mr. Nesen stated to the justice substantially the facts as above stated. The justice informed Mr. Nesen that it was doubtful if plaintiff had committed a crime, but said, "I will give you the benefit of the doubt."   The justice thereupon drew a complaint, charging plaintiff with larceny.   The justice issued a warrant and it was placed in the hands of a constable named Moore for service.   Moore proceeded to Albion, arriving there about 6 o'clock in the evening of October 17th.   He promptly arrested plaintiff, who informed him that he had sent the defendant company a check that day just after noon for the amount of the bill, showed him the stub of the check, and requested him to ascertain from the bank that he had done so, and that he had money deposited in the bank to meet the check.   The constable refused to do this, brought him under arrest to Lansing, where he arrived about 10 o'clock p. m., and incarcerated plaintiff in the common jail.   The next morning plaintiff was brought before the justice by the constable.   He protested his innocence.   Meanwhile the check had been received by the defendants, and the justice, on being informed of that fact, stated that in his opinion the charge could not be maintained, and advised the discharge of the prisoner.   The justice insisted that his fees be paid. The plaintiff finally paid them upon the statement made by the justice that if he did not he would (as he testified) have to go back to jail.   He testified also that "Mr. Nesen said, I had to pay the costs or go back to jail."

GRANT, C. J. (*after stating the facts*).   Defendants' counsel make four contentions:

(1) That the defendants cannot be held jointly liable.

(2) That under the law and the facts the defendant corporation is not liable.

(3) That defendant Nesen is not liable.

(4) That in any event the damages are excessive.

1. Joint tort-feasors may be sued individually or jointly. 26 Cyc. p. 68.

"All concerned in originating and carrying on a malicious prosecution are jointly and severally responsible." 1 Cooley on Torts (3d Ed.), p. 342.

See, also, *Govaski* v. *Downey*, 100 Mich. 429.

Where the wrong is committed by an agent for the principal under circumstances which make the principal liable, there are two actors, the principal and the agent. The injured party may sue either or both. If he sues the agent it does not lie in the mouth of the agent to say in defense that he was acting not for himself but for another. If the principal is sued individually the question is, Was the agent, in committing the wrongful act, acting within his authority as agent ? If the principal is liable the agent also is liable. The rule governing principal and agent in contracts has no application to cases of tort. This case is not within the principle of *Travis* v. *Insurance Co.*, 86 Mich. 288, and *Govaski* v. *Downey*, 100 Mich. 429. The corporations in those cases were held not liable for the tortious act of their employés, because there was no evidence to show that they either authorized or ratified the tortious act.

In *Travis* v. *Insurance Co.*, the company was a foreign corporation, and a loss had been settled and paid. Afterwards the State agent made a criminal complaint against the insured, charging fraud. The agent had no further authority in the case. His general agency was properly held not sufficient to show either original authority or ratification.

In *Govaski* v. *Downey*, Downey was a mere watchman of the railroad company, and naturally had no authority to bind the company by criminal prosecutions.

2. Was Nesen acting within the scope of his authority,

or if not, was his act ratified by the defendant? The defendant company is a foreign corporation; its chief manager in Lansing was Mr. Gamble. The evidence shows that in his absence Mr. Nesen, who was called cashier, was authorized to act in any emergency that might arise and to do whatever acts were necessary for the interests of the corporation. However, the question of original authority of Nesen to institute this suit was not submitted to the jury. The court submitted to them the question of ratification by Gamble. This prosecution was instituted in the interests of the corporation. Mr. Nesen had no personal interest in it. Mr. Gamble, when informed of what had been done, not only made no objection, but told Nesen he hoped it would teach some of those fellows a lesson. Mr. Gamble, representing the defendant, had personally sought advice of defendant's counsel as to the right of the company to institute criminal proceedings under similar circumstances. The jury might well infer that the criminal arm of the law was to be used by the company when debtors conducted themselves as did the plaintiff in this case. We think there was sufficient evidence of ratification. Mr. Gamble as an agent of the company had the authority to institute the suit. He therefore had the right to ratify the act of another agent in instituting it, though that agent might have had no original authority. *Ironwood Store Co.* v. *Harrison,* 75 Mich. 197; Mechem on Agency, § 121.

3. Under the third contention, defendants insist that the proceedings were terminated by compromise and settlement, and therefore plaintiff cannot maintain his suit. A compromise and settlement would defeat the plaintiff's action. 19 Am. & Eng. Enc. Law (2d Ed.), pp. 684, 685.

The court instructed the jury that there was a final termination of the suit sufficient to sustain the action. The justice, upon learning the facts when plaintiff was brought before him by the constable, discharged him upon the merits, holding that there was no case against him.

The payment of the costs under the circumstances did not operate as a compromise and settlement. The instruction was correct.

It is also contended that the court should have instructed the jury that Mr. Nesen fully and fairly stated all the facts in the case to the justice, and that the justice thereupon authorized the issuing of the warrant. There is ample evidence that Mr. Nesen did not rely upon the advice of the justice, even if his advice upon a full statement of the facts would have been a defense. The justice did not advise Mr. Nesen that the plaintiff was guilty of a crime,— on the contrary, he told him it was doubtful. A prisoner is entitled to the benefit of any reasonable doubt. When the examining magistrate or counsel advises one that it is doubtful if upon the facts stated a party is guilty of any crime, the party proceeds at his own risk. The court properly refused to instruct the jury that the advice of the magistrate in this case would be a defense. He did instruct them that they might consider it as bearing upon the question of the good faith or want of malice on the part of Mr. Nesen. It could not be considered by the jury for any other purpose.

4. No motion was made for a new trial, and therefore the question of excessive damage is not before us. Only when there is no legal basis for the damages can error be assigned, except upon a motion for a new trial. *McDonald* v. *Steel Co.*, 140 Mich. 401.

Judgment affirmed.

BLAIR, MOORE, CARPENTER, and McALVAY, JJ., concurred.