STATE OF MISSOURI, Respondent, v. MILTON KROUSE and ANDREW KROUSE, Appellants.

Springfield Court of Appeals, May 5, 1913.

1. CRIMINAL LAW: False Pretenses: Statutes Relating to: Effect of Amendatory Statute. The provisions of Sec. 4564, R. S. 1909, and the amendment, Acts 1911, page 194, relating to the offense of false pretenses, are examined under the provisions of Sec. 4920, R. S. 1909, and their intendments are construed. *Held*, in the present case that the defendants were properly charged under Sec. 4565, R. S. 1909, and that the trial court properly gave defendants the benefit of Session Acts 1911, page 194, in the instructions concerning the degree of punishment.

2. ———: ———: Jurisdiction of Appeal. In a prosecution for obtaining money under false pretenses, where the jury under proper instructions fixed the punishment at a fine of $20, the jurisdiction of the case on an appeal was with the Court of Appeals.

3. CRIMES: False Pretenses: Requisites of Offense: Promises Concerning Future Events. To constitute th·· crime of obtaining money or property by false pretenses, it is requisite that the false pretenses should be either concerning a past event or concerning some fact having a present existence.

4. **FALSE PRETENSES: Promises Concerning Future Events: Do Not Constitute.** In a prosecution for obtaining money under false pretenses, where it appears from the testimony of the prosecuting witness that he advanced the money partly on the promise that certain railroad ties would be delivered in the future and partly on the promise that defendants would "make him whole" on another contract, *held* that the evidence failed to establish the charge of obtaining money under false pretenses.

Appeal from Taney County Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED.

No briefs filed.

FARRINGTON, J.—This is an appeal from a judgment of conviction for obtaining money under false pretenses. The prosecution grew out of a sale of railroad ties, the prosecuting witness, Levi Russell, claiming that he contracted for and paid for 300 ties and received only 243. It appears from all the testimony that no money was paid by the prosecuting witness to the defendants, but that defendants' land was advertised to be sold for delinquent taxes and the prosecuting witness paid them, according to his testimony, at defendants' request, and that he later satisfied a judgment against the defendants, and it was by these payments that the prosecuting witness paid for the 300 ties.

The statute (Sec. 4565, R. S. 1909), so far as it pertains to this case, is as follows: "Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense, . . . obtain from any person any money, personal property, right in action or other valuable thing or effects whatsoever, . . . shall, upon conviction thereof, be punished by imprisonment in the penitentiary for a term not exceeding seven years."

This section was amended in 1911 (Session Acts, p. 194) by striking out the words "by imprisonment in the penitentiary for a term not exceeding seven years" and inserting in lieu thereof the words "in the same manner and to the same extent as for feloniously stealing the money, property or things so obtained';' so that the clause prescribing the punishment now stands precisely as it was in section 1927, Revised Statutes 1899, except that the word "thing" near the end of the clause is changed to "things." This amendment of 1911 was approved March 30, 1911, and did not become operative until ninety days after the adjournment of the Legislature (Sec. 8061, R. S. 1909), which occurred on March 20, 1911 (Session Acts, 1911, p. 452). This case was tried at the October term, 1911, of the circuit court of Taney county, and the money which is alleged to have been obtained by defendants by means of false pretenses was paid by the prosecuting witness on the first and third days of April, 1911. Section 4565, Revised Statutes 1909, was still in force at the time, and hence the defendants were properly charged under it. [State v. Mathews, 14 Mo. 133.] Section 4920, Revised Statutes 1909, is as follows: "No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision shall be repealed or amended, shall be affected by such repeal or amendment, but the trial and punishment of all such offenses, and the recovery of such fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing laws: *Provided,* that if the penalty or punishment for any offense be reduced or lessened by any alteration of the law creating the offense, such penalty or punishment shall be assessed according to the amendatory law." The trial court therefore rightly gave the defendants the benefit of

this statute in the instructions by defining the punish-- ment, if any, according to section 4548, Revised Statutes 1909, relating to petit larceny, and the jury in their verdict fixed the punishment at a fine of twenty dollars against each defendant. All of the foregoing merely goes to show that the appeal has been lodged in the proper appellate court.

At the close of the State's evidence in chief and again at the close of all the evidence, defendants tendered and the court refused to give a peremptory instruction, of which complaint is made in the motion for a new trial.

In his statement to the jury, before any testimony was heard, the prosecuting attorney said: "On this date the Krouses had to have so much money to pay an obligation and Mr. Russell wrote them a check. . . . That was a little more than the ties were worth. They represented they had three hundred go ties, and he gave them this money, which was a little more than the ties, and they agreed at that time to continue making ties and selling to him on this basis, to finish paying this money, and a former proposition. They fell short on it the winter before—sometime in the winter before they fell short on another contract of fifty-nine dollars, and they agreed to continue making and taking up this shortage as an inducement to get this money." The defendants' objection that this statement relates to a future promise and does not tend to prove any false pretense, was overruled. During the examination of the prosecuting witness, the State's attorney said: "He paid them more money on this contract than the three hundred ties were worth, under the agreement and promise that they would make more ties. As I understand him, at the time he made this contract for three hundred they also promised to make up and pay for what they got over before."

The prosecuting witness, Levi Russell, testifying concerning the transaction involving the 300 ties, was

asked on direct examination, ''What else did they tell you as an inducement to get this money?'' and the witness answered, ''I told them I wanted all the ties to pass the inspection and they said they would make me ties and furnish us—'' (interrupted). Defendants entered the objection to this testimony that it does not show a false pretense, but a future promise, as to which there was no ruling and defendants objected and except to the action of the court in failing to rule. During the cross-examination of this witness, the following appears: ''Q. Did they tell you they had the ties at the time you paid Jim Reese? A. Yes, sir; before. Q. At the time you paid it did they tell you they had three hundred ties in the woods? A. They told me they would let me have three hundred ties.'' Again: ''Q. They promised to make more ties for you, did they not? A. Yes, sir. Q. And on that promise you paid this tax and judgment? A. Yes, sir. Q. On the promise of what they said they would do, you paid them? A. On the promise that they had three hundred ties. Q. You had a conversation with them about this since then? A. Yes, sir. Q. You said that if they didn't pay you, you would pull them? A. I told them that I wanted my money or the ties and they said they were not going to make me any more ties and I asked if they were going to pay the money, and they said no, they didn't owe me anything.''.

W. M. Bunch, testified for the State that he was present at the time the contract was made between the prosecuting witness and the defendants, but did not hear it; that one of the defendants then came and asked him to haul the ties, saying they had sold Levi Russell three hundred ties and that they didn't have all of them made, but would have before they could get them hauled.

Levi Russell was called by the defendants and testified: ''I branded them at Garber and we counted

them and I asked how many ties he had in the woods and he said, 'I have made a mistake, it is only two hundred eighty-six with these and the ones in the woods, and I will finish them up in good ties.'    Q. He told you he had two hundred eighty at that time? A.  He told me he had two hundred eighty-six.    Q. Before you paid the judgment, you took up one hundred seventy ties and branded them?    A.  Yes, sir; somewhere along there.    Q.  He told you then there wasn't three hundred in the woods?    A.  He said, 'We made a mistake, there are two hundred eighty-six with these and I will finish out the balance of the three hundred.' "

A mere promise to do something, relating as it does to a future event, is not within the statute.  In order to constitute the crime of obtaining money or property by false pretenses, it is requisite that the false pretense should be either of a past event, or of some fact having a present existence, and it cannot consist of a promise to do something or of some event to happen in the future.  [State v. Petty, 119 Mo. 425, 24 S. W. 1010.]  "A promise is not a pretense."  [2 Bishop Crim. Law, sec. 419.]  "And both in the nature of things and in actual adjudication, the doctrine is that no representation of a future event, whether in the form of a promise or not, can be a pretense within the statute, for it must relate either to the past or present."  [Ib., sec. 420; State v. DeLay, 93 Mo. 1. c. 102, 5 S. W. 607, and cases cited.]

The evidence in this case discloses that practically all the witnesses for the State swore that the two defendants and their witnesses have a bad reputation for truth and veracity in the communities in which they reside, and that practically all the witnesses for the defense swore that the prosecuting witness and other State witnesses have a reputation in that regard which is no more enviable.  The strongest phase of the case made against the defendants is that dis-

closed in the testimony of the prosecuting witness, and the evidence shows that he threatened to "pull" the defendants for obtaining money under false pretenses *unless* they paid back his money or gave him the ties. It appears from his testimony, only a small part of which appears in this opinion, that he advanced the money at least *partly* on the promise that ties would be delivered in the future and *partly* on the promise that defendants would make him whole on some other contract. This establishes no offense under the laws of this State. The criminal courts of Missouri are not to be appealed to when credit has been erroneously extended. The judgment is reversed and the defendants discharged. All concur.