[Criminal No. 545.   Filed December 4, 1922.]

[209 Pac. 310.]

## FRED JACOBSON, Appellant, v. STATE, Respondent.

FALSE PRETENSES—PROMISE AS TO FUTURE EVENT INSUFFICIENT TO ESTABLISH GUILT.—Where accused, while employed by a league to establish co-operative stores, obtained money from prosecutrix, for the purchase of stock in the store, on a promise that accused would within thirty days commence to operate a store in town of F., and that he would give prosecutrix employment therein, pay

her a good salary, and pay her dividends on her investment, his promise was as to a future event, and he was not guilty of the offense of obtaining money under false pretenses.

APPEAL from a judgment of the Superior Court of the County of Coconino. J. E. Jones, Judge. Judgment reversed. Defendant discharged.

Mr. Geo. H. Crosby, Jr., and Mr. Herman Lewkowitz, for Appellant.

Mr. W. J. Galbraith, Attorney General, and Mr. Geo. R. Hill and Mr. F. W. Perkins, Assistant Attorneys General, for the State.

STANFORD, Superior Judge.—This case comes on appeal from Coconino county, where the appellant was charged and convicted of obtaining money by false pretenses, the information charging that the defendant—

"did then and there willfully and unlawfully, knowingly and designedly, falsely and frauduently pretend and represent to the said Lucy Longuevan that if she would pay to and turn over to him, the said Fred Jamison, defendant, the sum of $60, lawful money of the United States, that he would within thirty days from that date establish and commence to operate a store in the town of Flagstaff, Coconino county, Arizona, and that he would give the said Lucy Longuevan employment in said store and pay her dividends on her investment in said store and pay her a good salary for said employment, and that she was also to receive a reduction on all goods purchased by her from said store. . . ."

The evidence in the case shows that appellant came to Phoenix from San Francisco as a solicitor to sell stock in the Pacific League of Co-operative Stores in the month of December, 1921, his employer having a permit under the laws of Arizona to sell stock. While in Phoenix appellant met residents of Flagstaff,

Arizona, who desired to get a Co-operative store started in that place, and the appellant, after returning to San Francisco, was directed to go to Flagstaff, Arizona, and promote a new store; was also directed to take with him the manager of the Phoenix store, being a store owned by said League, and also directed to take with him the state secretary of the Federation of Labor, residing in Phoenix. The said Pacific League of Co-operative Stores had been previously indorsed by the American Federation of Labor. When in Flagstaff a public meeting was held at which prominent citizens spoke in behalf of opening a store, and at the close of the meeting the prosecuting witness, Mrs. Lucy Longuevan, who had a brother who was managing one of the League's stores, approached the appellant and asked him if he thought she could get employment in the store. He told her that he thought she could, but that it would better her chances if she took stock in the League. She then paid him $60. There is a conflict as to what was said by way of inducement to get her to pay the $60, but it seems certain that, construed at its worst, the statements made by the appellant were nothing but promises relating to a future event.

It appears to be well-settled law that a false pretense is a misrepresentation as to an existing fact or a past event, and not a promise to do something in the future, nor a misrepresentation as to something to take place in the future.

In the case of *State* v. *Krouse,* 171 Mo. App. 424, 156 S. W. 727, the court stated:

"A mere promise to do something, relating, as it does, to a future event, is not within the statute. In order to constitute the crime of obtaining money or property by false pretenses, it is requisite that the false pretense should be either of a past event, or of some fact having a present existence, and it cannot

consist of a promise to do something or of some event to happen in the future."

It would be superfluous to cite further cases, as the law is well settled on the point treated. The information in this case does not come within our statute, nor within the general law on the subject; and in addition we find that the testimony failed to show any representation of a present condition or past event.

Accordingly, the information and the evidence in this case being insufficient, the judgment is reversed, and the defendant discharged.

McALISTER, Acting C. J., and FLANIGAN, J., concur.