210 P.2d 392

## STATE v. BELL.

### No. 7544.

Supreme Court of Idaho.

Oct. 3, 1949.

Robert E. Smylie, Attorney General, Don J. McClenahan, J. N. Leggat, J. R. Smead, and Donald A. Purdy, Assistant Attorneys General, for respondent.

———◆———

W. A. Johnston and E. G. Elliott, of Boise, for appellant.

HOLDEN, Chief Justice.

Clif Bell was charged with and convicted of the crime of issuing a check without funds, and sentenced to serve five years in the penitentiary, and he appeals.

The record discloses that on Monday night, March 28, 1949, between 10:00 and 12 o'clock, Bell drew a check on the First Security Bank of Idaho for the sum of $8; that Bell had no credit with that bank and at the time of the issuance of the check had no funds on deposit in the bank, and never had had.

In connection with the issuance of the check it appears the state proved Bell told the person (Alex Nicolona, bar tender at the Pastime Club in Boise to whom Bell delivered the check), in substance, that he, Bell, would come in the next morning and pick it up; that Nicolona replied: "I'll tell Mr. Odiaga to hold onto it through the morning and not put it in until afternoon". That at the moment Nicolona was not disposed to cash the check; that he changed his mind, however, and cashed the check because Bell told him he would come in in the morning; that if he (Bell) didn't get in in the morning to pick the check up, to let it go through the bank in the afternoon; that if the check was presented the next morning it would be contrary to the agreement with Nicolona.

It also appears that around 2 o'clock in the morning, following the issuance of the check, and before it was known whether Bell had any funds in the bank or not, Boise detectives arrested Bell and took him to the police station, and that Bell was in jail throughout the next day (Tuesday).

The state proved, as above shown, and it is, of course, bound by that proof, that credit was actually extended in the transaction involving the issuance and cashing of the $8 check; that such credit was extended, by agreement, from the date of the giving of the check until the afternoon of the next day. It could make no difference, as a matter of law, whether a credit extension agreement involving the payment of a check, covers a day, or a month, or a year, it would still, and nevertheless, be, and remain, a credit extension transaction. Such a transaction, of course, is not within the statute under which appellant was prosecuted and convicted, in that the element of fraudulent intent was lacking. State v. Ellis, 67 Ariz. 7, 189 P.2d 717, 720.

It follows the judgment must be, and it is, hereby reversed and the cause remanded to the district court with instructions to dismiss the action.

GIVENS, PORTER, TAYLOR and KEETON, JJ., concur.