239 P.2d 1069

STATE v. EIKELBERGER.

No. 7740.

Supreme Court of Idaho.

Dec. 26, 1951.

Rehearing Denied Feb. 11, 1952.

Prosecuting Atty. of Butte County, Arco, for respondent.

T. E. McDonald, Arco, and E. G. Elliott, Boise, for appellant.

Robert E. Smylie, Atty. Gen., John R. Smead, Asst. Atty. Gen., and C. V. Boyatt,

THOMAS, Justice.

The appellant was charged with and convicted of a felony, that is, the issuance of his check in the sum of $46.44, with intent

248

to defraud and without sufficient funds in or credit with the Continental State Bank of Boise, Idaho, upon which it was drawn to pay the same when presented. From the judgment of conviction, he appeals.

Appellant generally assigns as errors the insufficiency of the evidence to support the verdict or judgment, and that the judgment is contrary to the law, and also that the court erred in giving a portion of Instruction No. 13.

It is urged that the evidence of the state proved that the instrument issued was a postdated check and hence not within the purview of the statute. Sec. 18–3106, I.C., as amended by Chap. 111, S.L. 1949, at page 201.

The pertinent portions of said section, as amended, read as follows: "Drawing check without funds.—Any person who * * * wilfully, with intent to defraud shall make or draw or utter or deliver, * * * any check, draft or order for the payment of money upon any bank * * * knowing at the time of such making, drawing, uttering or delivery that the maker or drawer has no funds or insufficient funds in or credit with such bank * * * for the payment of such check, draft or order in full upon its presentation, although no express representation is made with reference thereto, shall upon conviction be punished as follows: * * * As against the maker or drawer thereof, the making, drawing, uttering or delivering of such check, draft or order as aforesaid shall be prima facie

evidence of intent to defraud and of knowledge of no funds or insufficient funds, as the case may be, in or credit with such bank * * * for the payment of such check, draft or order in full upon its presentation. The word 'credit' as used herein shall be construed to mean an arrangement or understanding with the bank * * * for the payment of such check, draft or order."

The evidence with reference to the issuance of the check is in conflict in many material respects. The check was drawn in payment of merchandise purchased at the store of one Ralph Ellison in Arco, Idaho, from Gerrold Squires, a clerk in said store. The check was dishonored because appellant had no account in said bank. (State's Exhibit A) Squires testified that he had business with the appellant on or about April 21, 1950; the check in question was dated April 21, 1950; when Squires was asked upon direct examination when he received the check he replied: "Well, it must have been before the 21st, that's the date on the check." Mr. Ellison, when asked on the direct examination when he first saw the check, replied: "Well, it was the 21st of April—was when it was given to Mr. Squires." The appellant testified that he purchased the merchandise on April 20, 1950 and gave the check in question to the clerk on that day but dated it April 21, 1950 and asked that it be held for a few days; Squires under cross-examination testified that he had no conversation with ap-

pellant with reference to the request to hold the check for a few days.

The appellant testified upon direct examination that at the time he requested Mr. Squires to hold the check for a few days he also told him to send another check which he had previously given to Mr. Ellison, and which had been dishonored, back to the bank in Boise; this was also unequivocally denied by Squires.

An officer of the bank testified that during the month of April 1950 appellant did not have a deposit in the bank or a credit with the bank to the amount of the check in the sum of $46.44.

From the evidence as detailed above it is apparent that there is sharp conflict with reference to the date the merchandise was purchased and as to whether or not the check was issued on April 20 or April 21 of that year; likewise, there exists irreconcilable conflict as to whether or not there was any arrangement to hold the check for a few days; these conflicts are exclusively within the province of the jury to resolve with the right to believe or disbelieve all of the testimony of any witness or witnesses, and especially the testimony of an interested witness. State v. Eikelberger, 71 Idaho 282, 230 P.2d 696 and cases therein cited.

It is urged that Squires, a witness for the state, on direct examination testified in effect that the check was in fact postdated and the state is bound by that proof; assuming, but not deciding, that the testimony of Squires is not susceptible to any other interpretation than that he did testify that the check was dated a day following the date of its receipt, then there is directly presented the question of whether or not a postdated check comes within the condemnation of Sec. 18–3106, I.C., as amended by Chap. 111, S.L. 1949, page 201, supra.

The authorities are in conflict on the question of whether or not the issuance of a postdated check, without sufficient funds in or credit with the bank to cover payment when presented, comes within the purview of the statute. Such conflict is generally occasioned by the difference between the statutes involved rather than a difference of opinion as to the legal principles applicable. 22 Am.Jur., sec. 70, p. 480; 35 C.J.S., False Pretenses, § 21, p. 662; 95 A.L.R. 486, at p. 496.

A vast majority, if not all of the courts, are in accord that under a statute such as we now have under consideration a disclosure by the drawer to the payee at the time of the issuance of the check that he does not have sufficient funds in or credit with the bank to meet the check, purges the transaction of its criminal character, for the reason that fraudulent intent, an essential ingredient of the crime, is absent and the transaction is essentially one of extending credit to the drawer. 95 A.L.R. 494, sub. VIII. Idaho has recognized and applied this rule. State v. Bell, 69 Idaho 485, 210 P.2d 392.

Appellant goes further and urges that the issuance of a postdated check implies

the present insufficiency of funds and, without more, takes the transaction out of the condemnation of the statute even though the payee had no notice that it was postdated and even though the drawer did not request the payee to hold the check.

A drawer who knowingly and intentionally issues a postdated check in the regular course of business without having sufficient funds in or credit with the bank for the payment thereof in full upon presentation, and who neither calls to the attention of the payee that it is postdated nor makes any arrangements with the payee to hold the check, commits the crime of drawing a check without funds under the provisions of Sec. 18–3106, I.C., as amended by Chap. 111, S.L. 1949, page 201. People v. Bercovitz, 163 Cal. 636, 126 P. 479, 43 L. R.A.,N.S., 667; White v. State, 135 Neb. 154, 280 N.W. 433; People v. Weaver, 96 Cal.App. 1, 274 P. 361.

Assuming, without deciding, that the testimony of Squires fairly interpreted is to the effect that the check was postdated and the state is bound by such testimony, yet the question of whether or not the payee in the usual course of business accepted it as a postdated check or promised to hold the check for a few days and rely upon the drawer's promise to pay in the future, is, upon the conflict in the evidence, one of fact and within the exclusive province of the jury to decide.

There is sufficient, though conflicting, evidence in the record, if believed by the jury, to prove that neither the drawee nor his agent accepted the check as a postdated check, or that a request was made to hold the check, or that any promise was given to the drawer that the check would be held for a few days.

Where the evidence is in conflict, but is sufficient to support the conviction, the verdict of the jury, whose exclusive province it is to pass upon facts, will not be disturbed. State v. Eikelberger, supra; State v. Kleier, 69 Idaho 278, 206 P.2d 513; State v. Gilbert, 65 Idaho 210, 142 P.2d 584.

Instruction No. 13 was given as follows: "If you believe from the evidence that the defendant at the time he gave the check in question to Ralph Ellison, requested the said Ralph Ellison, or his agent or servant, Gerald Squires, to hold said check for any length of time, and that the said Ralph Ellison, or his agent or servant, Gerald Squires, agreed to hold said check for any length of time; or if you believe that said check was given to Ralph Ellison, or his agent or servant, on the 20th day of April, 1950, *and that the fact that said check was dated April 21st, 1950 was called to the attention of said Ralph Ellison, or his agent or servant,* you should find the defendant not guilty."

Appellant contends that the underscored portion of the above instruction constituted reversible error in that it placed the burden upon the accused to prove that he called to the attention of the payee or his agent

that the check was postdated, rather than placing the burden on the state to show beyond a reasonable doubt that at the time the check was given the accused did not call to the attention of the payee that it was postdated.

As against the drawer, making the check, knowing at the time of such making that he did not have sufficient funds in or credit with the bank to cover payment upon presentation, makes out a prima facie case of intent to defraud under the statute. Sec. 18–3106, I.C., as amended, supra. Giving of Instruction No. 13 was not prejudicial to appellant. People v. Weaver, supra.

We have carefully considered every assignment of error and can find no prejudicial error.

Judgment affirmed.

GIVENS, C. J., and PORTER and TAYLOR, JJ., concur.

KEETON, J., concurs in the conclusion.