**STATE of Missouri, Plaintiff-Respondent,**

v.

**Floyd PHILLIPS, Defendant-Appellant.**

**No. 32101.**

St. Louis Court of Appeals.
Missouri.
July 16, 1968.

Newmark & Baris, Irl B. Baris, St. Louis, for appellant.

Thomas W. Shannon, Pros. Atty., Robert Hoffman, Asst. Pros. Atty., St. Louis, for respondent.

CLEMENS, Commissioner.

This case presents the question of criminal liability for giving an insufficient funds check to a payee who knew when accepting the check that it was not good and agreed not to present it for payment until later.

The State charged that the defendant unlawfully, and with intent to defraud, issued a $2,000 check, then knowing he had insufficient funds in the bank for its payment. (Although the offense is now a felony, it was then a misdemeanor; § 561.460, V.A.M.S.) The jury brought in a guilty verdict and assessed a $500 fine. The defendant appeals from the ensuing judgment.

The defendant challenges the denial of his motion for acquittal, contending the evidence did not show an intent to defraud since he did not falsely represent an existing fact. We agree.

The State's evidence: Defendant Floyd Phillips operated a home improvement business and from time to time bought materials on open account from the Crescent Plumbing Supply Company. Mr. Sam Rotskoff, Crescent's manager, demanded that Phillips make a substantial payment on the account. Phillips went to Rotskoff's office and talked about his business prospects and the status of the account. He gave Rotskoff a $2,000 check, dated that same day. But Rotskoff said Phillips asked him to hold the check for a week or ten days and told him that he expected the check would be good then since he had a lot of money coming in shortly. Rotskoff testified:

> "Q. In other words, then, at the time you received the check he gave you the impression that the check would not clear, but that he expected to get some money, by virtue of which the check would then be good in ten days; is that correct?
>
> "A. That is why I took it, right."

Rotskoff did hold the check. When he deposited it ten days later Phillips' bank refused payment because of insufficient funds. (Phillips did make substantial deposits soon after giving Rotskoff the $2,000 check, but other checks reduced the balance below $2,000.) Pursuant to § 561.470, V.A.M.S., Rotskoff notified Phillips that the check had been dishonored but Phillips did not pay it within five days.

■ As defendant contended when he moved for acquittal, the State's evidence showed that when Phillips gave Rotskoff the check Phillips did not represent it to be good. Phillips' only representation was that the check would be good later—not a

representation of an existing fact but of a future condition. That did not show the required intent to defraud. We reach this conclusion on the general principles of fraud law in Missouri and the specific application of the principle by other courts.

■ Section 561.460, under which defendant was convicted, specifically requires an "intent to defraud." One of the essential elements of fraud is a misrepresentation of a past or existing fact. This element is not fulfilled by "a promise to do something, or of some event to happen in the future." State v. Krouse, 171 Mo.App. 424, 156 S.W. 727[3]; State v. Houchins, Mo., 46 S.W.2d 891.

One Missouri case applied this principle to facts akin to ours. In State v. Young, 266 Mo. 723, 183 S.W. 305[4, 5], the defendant was charged under the false pretenses statute (now § 561.370) with giving a worthless check with intent to defraud. He contended that when he gave the check he warned the payee there was not yet enough money in the bank to cover it but that there soon would be. In holding this was a valid defense the court reasoned that "the effect of such an agreement to have the money in the bank to pay the check on a future day would be to make of the alleged pretense but a mere promise, and so remove it from the category of crimes." That case concerned a different statute but like our case the statute required an intent to defraud.

The Young case, supra, is in harmony with the law of other states. In State v. Eikelberger, 72 Idaho 245, 239 P.2d 1069[3, 4], 29 A.L.R.2d 1176, the Supreme Court of Idaho said: "A vast majority, if not all of the courts, are in accord that under a statute such as we now have under consideration a disclosure by the drawer to the payee at the time of the issuance of the check that he does not have sufficient funds in or credit with the bank to meet the check, purges the transaction of its criminal character, for the reason that fraudulent intent, an essential ingredient of the crime, is absent and the transaction is essentially one of extending credit to the drawer." Other courts have followed the same principle: People v. Jacobson, 248 Mich. 639, 227 N.W. 781[2, 3]; Hubbard v. Commonwealth, 201 Va. 61, 109 S.E.2d 100[2]; State v. Howd, 55 Utah 527, 188 P. 628[2].

■ To avoid this result and establish the vital element of intent to defraud, the State relies on the five-day-notice statute, § 561.470, V.A.M.S. As said, Rotskoff notified Phillips that the check had been dishonored and Phillips failed to pay within five days. Although the statute declares those facts are "prima facie evidence of intent to defraud," the State's evidence refuted that inference. This, because of Rotskoff's admission that Phillips told him to hold the check for a week or ten days, at which time it would be good. The statute creates a rebuttable inference of fact, not an irrebuttable presumption of law. When the State's evidence of the actual facts came into the case, the statutory inference disappeared. State v. Cook, Mo., 282 S.W.2d 533[1, 2]; Simpson v. Blackburn, Mo.App., 414 S.W.2d 795[6–8]. Therefore, we accept the actual fact of no intent to defraud and reject the contrary statutory inference.

Since the State's evidence not only failed to establish but actually refuted the charge that the defendant issued the check with intent to defraud, the trial court should have granted defendant's motion for acquittal. The judgment of conviction must be reversed.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is reversed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concurs.