**Diane McKINNEY, Plaintiff-Respondent,**

v.

**SOETEBIER'S INC., et al.,**
**Defendants-Appellants.**

**No. 43010.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 26, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 10, 1981.

Application to Transfer Denied
Sept. 8, 1981.

John L. Harlan, Jr., Harlan & Harlan, St. Louis, for defendants-appellants.

Stephen F. Meyerkord, Fox, Goldblatt & Singer, Inc., St. Louis, for plaintiff-respondent.

SNYDER, Judge.·

This is a malicious prosecution action for actual and punitive damages. Defendants appeal from an adverse jury verdict and a judgment against them for $15,000 actual and $30,000 punitive damages. Appellants correctly aver that the trial court erred in refusing to grant their motion for a directed verdict. Respondent failed to prove the underlying action terminated in her favor. Therefore, the judgment is reversed.

■ In order to recover for malicious prosecution, respondent must prove: (1) the commencement of prosecution of a criminal or civil proceeding against respondent; (2) which was legally caused by some affirmative act on the part of appellants; (3) which was without probable cause; (4) which was with malice; (5) which terminated in favor of the respondent; and (6) which caused actual injury or damage to respondent. *Stafford v. Muster*, 582 S.W.2d 670, 675[1] (Mo. banc 1979); *Hamilton v. Krey Packing Co.*, 602 S.W.2d 879, 881[1] (Mo.App.1980).

Respondent's malicious prosecution action was based on a proceeding for violation of Municipal Ordinance No. 124 of the City of Eureka which prohibits the fraudulent making, drawing, uttering or delivery of an insufficient funds or credit check, draft or order for the payment of money. The charge of violating the ordinance was initiated on the complaint of an employee of Eureka IGA Foodliner, a supermarket owned and operated by appellant Soetebier's, Inc. The complaint followed the return of an unpaid check for $12.71 drawn by respondent and payable to Eureka IGA. The check was marked "Credit Exhausted."

Shortly before the hearing on the municipal prosecution, respondent communicated with the prosecuting attorney for Eureka who told respondent that if she paid $12.71 to the appellant store and paid court costs, the prosecution would be dropped. Respondent did then pay the $12.71 to the appellant store. At the municipal court hearing respondent acknowledged she had issued the check which had not cleared, evidently produced a receipt showing she had reimbursed the appellant store and paid $10.00 court costs. The prosecution was then dismissed.

■ The termination of the insufficient funds check prosecution upon payment of costs by respondent and dismissal of the charge is not a termination favorable to

respondent for purposes of a malicious prosecution action. *Hoog v. Strauss,* 567 S.W.2d 353, 356[3, 4] (Mo.App.1978).

"Termination in favor of the party bringing the action for malicious prosecution means the final disposition of the cause forming the basis of the action in favor of the party against whom the original action was brought and *adversely to the party bringing the original action.*" [Emphasis added.]

*Stix & Company, Inc. v. First Missouri Bank & Trust Company of Creve Coeur,* 564 S.W.2d 67, 70[4–7] (Mo.App.1978). The termination in the case under review was not adverse to the appellants.

Respondent's evidence did not establish her case because she did not prove a favorable termination of the insufficient funds prosecution. The failure of proof of this essential element is fatal to her cause of action. The trial court should have granted appellant's motion for a directed verdict.

Respondent argues that the question whether the prosecution terminated in favor of respondent was a fact issue for the jury. Respondent cites cases from other jurisdictions in support of her argument. The cases are, of course, not binding on this court and are not even persuasive because they are distinguishable.

In *Jennings v. Clearwater Manufacturing Co.,* 171 S.C. 498, 172 S.E. 870 (1934), the charges were dismissed for lack of evidence and there is no indication the plaintiff paid the costs.

In *Cascarella v. National Grocer Co.,* 151 Mich. 15, 114 N.W. 857 (1908), charges against the plaintiff in the malicious prosecution action had also been dismissed for lack of evidence and the plaintiff paid the court costs only upon threat of being returned to jail, a compromise not entered into willingly by plaintiff.

Respondent here agreed without any objection to pay the court costs upon dismissal of the charges. She sought out the prosecutor and arranged for the compromise. A termination of a prosecution which has been brought about by the defendant, or by compromise and settlement, will not support an action for malicious prosecution. 54 C.J.S.

*Malicious Prosecution* § 58, p. 1026 (1948). Respondent may not have been aware of the legal effect of her action in procuring the dismissal of the charges, but the legal effect nonetheless exists, and dooms respondent's claims for damages for malicious prosecution.

Appellants also assign as error that respondent failed to prove that appellants commenced the municipal prosecution with malice and without probable cause, and that the award of punitive damages was a flagrant abuse of discretion by the jury. The appellate court need not address these issues because the judgment must be reversed for respondent's failure to prove a favorable termination of the municipal prosecution.

The judgment is reversed.

CRIST, P. J., and REINHARD, J., concur.