**Melbourne F. SCHUMER and Johanna K. Schumer, his wife, Plaintiffs–Respondents,**

v.

**CRAIG DISTRIBUTING COMPANY, Defendant–Appellant.**

No. 51677.

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 8, 1987.

Motion for Rehearing and/or Transfer Denied Jan. 14, 1988.

Application to Transfer Denied March 15, 1988.

Albert C. Lowes, Cape Girardeau, for defendant-appellant.

David G. Beeson, Jackson, for plaintiffs-respondents.

CRANDALL, Judge.

Defendant, Craig Distributing Co., appeals from a judgment, entered pursuant to a jury verdict, in favor of plaintiffs, Melbourne F. Schumer and Johanna K. Schumer (wife), in a malicious prosecution case. The judgment awarded plaintiffs actual and punitive damages. We reverse.

The evidence, viewed in a light most favorable to the verdict, is that plaintiff,[1] owned and operated a restaurant in Perryville, Missouri. He regularly purchased foodstuffs from defendant, a food supplier.

The criminal prosecutions forming the basis for this malicious prosecution action involved a felony charge of passing a bad check. Section 570.120 RSMo (1986). On March 31, 1982, plaintiff gave a check in the amount of $638.34 to defendant's route salesman in payment of two outstanding invoices. Although it was contrary to company policy, the route salesman agreed to hold the check for three to four days until plaintiff had sufficient funds in his account to cover it.[2] The salesman did not communicate this fact to defendant. When defendant presented the check at plaintiff's bank on April 7, 1982, the bank returned the check for lack of sufficient funds.

Shortly thereafter, plaintiff became ill and was hospitalized. On April 15, 1982, plaintiff closed the restaurant. He eventually filed for bankruptcy in May 1982.

After the check was returned, defendant attempted to contact plaintiff at the restaurant, but was informed that plaintiff no longer owned the business. Defendant talked with plaintiff's attorney, and then left the check at the bank to clear in the event sufficient funds were deposited in plaintiff's account. The check never cleared and was returned to defendant.

On June 29, 1982, defendant signed a "Complaint and Facts in Bad Check Case" with the Perry County prosecuting attorney's office. At that time, defendant was not aware that the check had been accepted as a "hold" check. On November 1, 1982, upon plaintiff's payment of the court costs, the Perry County prosecutor dismissed the case based on a theory other than that the check was accepted as a "hold" check.

In January 1983, based upon information furnished by defendant, the Dent County prosecuting attorney signed a complaint and filed charges against plaintiff for the same insufficient funds check. Defendant still was unaware of the "hold" status of the check until the preliminary hearing on that charge. The trial court dismissed the Dent County prosecution because the check was a "hold" check and "there [was] *no*

---

1. To facilitate an understanding of the facts, we use the singular form of plaintiff in referring to Melbourne F. Schumer, because the claim of his wife, Johanna K. Schumer, is derivative of his action.

2. Under Section 570.120 RSMo (1986), intent to defraud is an element of the crime of passing a bad check. Intent is determined as of the time the check is issued. *State v. Warren,* 628 S.W. 2d 410, 412 (Mo.App.1982). When a payee accepts a check knowing it is not good and with the understanding that he will not present it for payment until later, the drawer who gave the payee the insufficient funds check is not criminally liable on the basis of fraud. *See State v. Phillips,* 430 S.W.2d 635, 637 (Mo.App.1968).

probable cause to believe that the check was issued with the intent to defraud...."

Plaintiff then filed this malicious prosecution action against defendant. After a trial, the jury found in favor of plaintiff and his wife on their claims. The trial court entered the following judgments: on Count I, a net amount of $1,000, arising out of the prosecution in Perry County; on Count II, $10,000 actual damages and $12,500 punitive damages, arising out of the prosecution in Dent County on the same check; and on Count IV, $5,000 for loss of consortium, arising out of the Dent County prosecution.

Defendant claims fifteen points of error on appeal. The dispositive issue, set forth in the first point, is whether plaintiff made a submissible case against defendant. Defendant contends that plaintiff failed to prove all of the requisite elements of a malicious prosecution action based upon either the Perry County or the Dent County prosecutions.

> Actions for malicious prosecution have never been favorites of the law. There is almost universal agreement that sound public policy dictates that the law should encourage the uncovering and prosecution of crime. Any 'policy that discourages citizens from reporting crime or aiding in prosecution would be undesirable and detrimental to society in general.' ... The nature of this cause of action, therefore, has led courts to require strict proof of each element of the tort.

*Sanders v. Daniel International Corp.,* 682 S.W.2d 803, 806 (Mo. banc 1984) (citations omitted).

■ A person bringing a malicious prosecution action must plead and prove the following six elements: (1) commencement of a prosecution against the plaintiff; (2) its instigation by the defendant; (3) its termination in favor of the plaintiff; (4) absence of probable cause for the prosecution; (5) presence of malice; and (6) damage to plaintiff. *Id.*

■ We first address Count I, plaintiff's claim which arose out of the Perry County prosecution. With regard to that prosecution, the prosecutor informed plaintiff by letter of the following: "We will need the costs on the case for dismissal.... Upon receipt the case will be dismissed." The termination of the insufficient funds check prosecution upon payment of costs by plaintiff and the dismissal of that charge was not a termination favorable to plaintiff for the purpose of a malicious prosecution action. *See McKinney v. Soetebier's Inc.,* 620 S.W.2d 18, 19–20 (Mo.App.1981); *see also Hoog v. Strauss,* 567 S.W.2d 353, 356 (Mo.App.1978). Plaintiff has therefore failed to prove the third element of a malicious prosecution action.

Plaintiff argues that "[P]ayment of costs was not a condition of dismissal, and the charge would have been dismissed anyway had the payment not been made." Plaintiff's argument is irrelevant to the favorable termination issue. The fact remains that plaintiff ended the prosecution by paying the court costs, thereby compromising the criminal charges against him. Plaintiff has failed to make a submissible case for malicious prosecution in Count I based on the prosecution in Perry County.

We next address Count II, the claim based on the Dent County prosecution against plaintiff.[3] We view that prosecution against the backdrop of the six elements of malicious prosecution, in particular, defendant's instigation of the proceedings.

■ A person's acts constitute the legal cause of a prosecution if that prosecution was instituted at his insistence and request. *Palermo v. Cottom,* 525 S.W.2d 758, 763 (Mo.App.1975). To impose liability on a defendant for malicious prosecution, defendant must advise, encourage, pressure, or cause the institution of the prosecution. *Id.* "Mere giving of honest assistance and information which leads to a prosecution does not necessarily render a person liable as an instigator of that prosecution, although he may be liable for giving

---

**3.** How venue was established in Dent County is    not set forth in the record.

false information to the person prosecuting." *Id.* (citations omitted).

In the instant case, defendant spoke with the Dent County prosecutor about the insufficient funds check. Defendant then brought the check with a ten-day notice letter of the insufficient funds to the prosecuting attorney's office. The prosecutor checked with the Perry County prosecutor regarding the dismissal of the charges against plaintiff in Perry County and disagreed strongly with him that the case should have been dismissed. At that point in time, defendant still was not aware that the check was a "hold" check and made no misrepresentations to the prosecutor regarding that fact.

The evidence shows that the Dent County prosecutor himself signed the complaint against plaintiff. His decision to prosecute followed, and was precipitated by, his disagreement with the Perry County prosecutor over the dismissal of the case against plaintiff.

His decision was made without the advice, pressure, or encouragement of defendant. The prosecutor did not consult with defendant. Defendant did not request that the charges be filed. During direct examination, the prosecutor testified concerning his contact with defendant's employees before he filed the charges against plaintiff:

Q. Now, after the check, Mr. Seay—I'm referring to the one in your exhibit in front of you—was delivered to your secretary and you had this conversation, did you have any further conversation with Mr. Ken McGrail of Craig Distributing Company or any other employee or officer of Craig Distributing Company before you filed the charges in Dent County?

A. Not before I filed the charges, no.

A. All right. Had Mr. Mike Condray discussed this check with you at any time prior to the time you had filed the charge?

A. No, he did not.

Q. Did he ever ask you to file the charge?

A. No.

The record does not show that defendant either filed the criminal charges or influenced the prosecutor to do so. Defendant merely consulted with the prosecuting attorney in good faith and communicated to him all the available facts. The fact that the prosecuting attorney subsequently acted on defendant's information is not sufficient instigation on defendant's part to support a malicious prosecution action. Defendant has failed to make a submissible case for malicious prosecution in Count II based on the Dent County prosecution.

We note that Count IV, plaintiff's wife's loss of consortium claim arising out of the Dent County prosecution, is derivative of plaintiff's action in Count II. Because plaintiff fails to make a submissible case under Count II, Count IV fails as well.

In view of our holding, we do not address defendant's remaining claims of error. The judgment of the trial court is reversed.

DOWD, P.J., and CRIST, J., concur.