No. 22188.

JOSEPH O. ZARATE *v.* THE PEOPLE OF THE STATE OF COLORADO.
(429 P. 2d 309)

Decided July 3, 1967.

VICTOR F. CREPEAU, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE E. DEROOS, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

ZARATE, defendant below, was convicted by a jury of obtaining money in the sum of $332 from Mrs. Annie Elizondo, the complaining witness, by the false pretense that he was an attorney at law.

Mrs. Elizondo, the victim, testified that she gave various sums of money to the defendant over at least a six-month period for two purposes: (1) As defendant's fee for services in the handling of some of victim's affairs, including the securing of a loan on real estate, and (2) to pay, for complaining witness and her husband, federal income taxes which were past due. The jury found the amount to be $332, based upon receipts entered as exhibits. Defendant obtained the loan on the real estate but failed to pay the money he received to Internal Revenue Service. She further testified that prior to the initial payment to the defendant and on other numerous occasions, he specifically represented to her that he was an attorney at law, which the evidence shows he was not. Defendant denied that he represented himself to be an attorney at law. Other witnesses were introduced to show common scheme and design and testified to payments of money to the defendant for various services to be rendered, also upon representations by the defendant to them that he was an attorney at law. Further testimony shows that Mrs. Elizondo relied upon this representation in paying money to the defendant for the services to be performed.

Defendant's arguments for reversal center around the refusal of the trial court to give defendant's tendered Instructions — No. 1 through 5 to the jury. Error also is claimed in the giving of Instruction No. 11, and further, the defendant seeks reversal on the grounds that the jury's verdict is contrary to the evidence and the law.

■■ This record on error reflects a fact situation as shown from the evidence which is somewhat difficult to analyze because of the two purposes for which the complaining witness handed over money to the defendant. The money which the victim turned over to the defendant for the specific purpose of paying it to the Internal Revenue Service for past due income taxes of the victim and her husband raises the basic question of whether the victim intended to give over to the defendant both the possession to and the title of the money or to give over to him merely the possession of the money for the purpose of paying it to the Internal Revenue Service. This is the important issue raised on this writ of error because it is generally held that if only the possession of the thing of value is obtained and it is then converted by the accused, then the crime is larceny and not false pretense. To complete the offense of false pretense, it must be established that the victim intended to turn over both title to and possession of the property to the accused. In *Welch v. State,* 78 Okla. Crim. 180, 146 P.2d 141, a lengthy analysis of the distinction between false pretense and larceny is made and numerous cases are cited supporting the following rule of law as enunciated by the court.

"The distinction between obtaining property by false pretense and larceny by fraud is very narrow. The distinction is: If the owner in parting with the property by false pretense, intends to vest accused with the title as well as the possession, the latter has committed the crime of obtaining the property by false pretense, but if the intent of the owner is to vest accused with the mere possession of the property, and the latter, with the requisite intent, receives it and converts it to his own use, the crime is larceny by fraud."

This distinction comes from the common law and is therefore adhered to in those jurisdictions having a statute on false pretense similar to C.R.S. 1963, 40-14-2 under which defendant was charged.

In *Courtney v. State*, 174 Miss. 147, 164 So. 227, it is stated:

"At common law, where one obtains the possession of, but not the title to, property from another by means of a false pretense, and with the requisite intent converts it to his own use, the crime committed is larceny. But if the owner in parting with the property invests the recipient with the title thereto, as well as the possession thereof, no larceny is committed. 9 Halsbury's Law of England (2d Ed.) § 953; 2 Bishop's New Crim. Law (8th Ed.) §§ 477 and 808; 25 C.J. p.657, 36 C.J. p.778; Foster vs. State, 123 Miss. 721, 86 So. 513. It will thus be seen that the passing of title constitutes the line of demarcation between larceny and false pretense."

See also *Aldrich v. People*, 224 Ill. 622, 79 N.E. 964 which describes this distinction in relation to the crime of larceny which is the subject matter of that case. Numerous cases are cited in support of this distinction which is recognized as the general rule of law to be followed when the distinction between larceny and false pretense is raised, as it was in the instant case. Many of these cases appear in the footnote to the following statement in 22 Am. Jur. *False Pretenses* § 3:

"At any rate, the distinction between the crime of obtaining money or goods by false pretenses and that of larceny through obtaining possession by fraud rests in the intention with which the owner parts with possession. Thus, if possession is obtained by fraud and the owner intends to part with his title as well as his possession, the offense is that of obtaining property by false pretenses, provided the means by which it is acquired are such as in law are false pretenses. But if possession is fraudulently obtained with present intent on the part of the person obtaining it to convert the property to his own use and the owner intends to part with his possession merely and not with his title, the offense is larceny."

One of the theories of the defendant's case is that

the defendant was not guilty of the crime of obtaining money under false pretense because only possession of this particular money was obtained by the defendant, which theory he attempted to present to the jury by tendered Instruction No. 2 as follows:

"You are instructed that if you find that Mrs. Annie Elizondo gave possession of monies to the defendant to be paid over to the Internal Revenue Service, and that at the time Mrs. Annie Elizondo gave said monies to the defendant she did not intend to convey title to said money to the defendant, then you must find the defendant Not Guilty of the charge contained in the Information as to such money."

■ A defendant is entitled to have an instruction on his theory of the case presented to the jury providing, however, the instruction is in proper form and there is evidence to support the defendant's theory. *Wertz v. People*, 160 Colo. 260, 418 P.2d 169, *Sterling v. People*, 151 Colo. 127, 376 P.2d 676.

Although the question of the victim's intent with reference to turning over to the defendant both the title and the possession of the money to be paid to the Internal Revenue Service is in dispute and an arguable point of evidence so far as the parties here are concerned, nevertheless, there is evidence in the record to support the defendant's theory that the victim intended to part only with the possession to the money in which event the defendant may be guilty of larceny by bailee under C.R.S. 1963, 40-5-13, but not guilty of obtaining money by false pretense as charged under C.R.S. 1963, 40-14-2.

■ We therefore hold that the substance of defendant's tendered Instruction No. 2 should have been given to the jury in relation to the $250 which the victim turned over to the defendant for the purpose of paying past due income taxes. Since this money, however, only constitutes a portion of the money turned over, Instruction No. 2 of the defendant as tendered

would have been misleading and confusing to the jury. Therefore, the court properly refused to give this instruction as it was worded. However, it should have been incorporated, in proper form, into the court's instructions, which otherwise properly set forth the elements of the crime of false pretense in relation to the evidence presented. It is our holding that where a tendered instruction does in fact present and raise an essential and critical issue not otherwise covered by the court's instructions that the court in cooperation with counsel should either repair the tendered instruction so as to make it not confusing or misleading or incorporate the substance of it in another instruction.

■ As to the other money paid by the victim to the defendant as a fee for certain services to be performed by the defendant, the necessary element and basic issue of title and possession passage was not critical; and had the information and the evidence dealt only with this money, a jury's verdict would not be disturbed. This, however, does not mean that we can sustain the jury's verdict in this case on the basis that the $82 difference between $250 and $332 as found by the jury is an amount sufficient to sustain a verdict of guilty to the felony of obtaining money by false pretense. To do so would be tantamount to assuming the fact finding prerogative of the jury. We hold the entire verdict is tainted by the failure of the trial court, after a critical issue is raised as it was in this case, to instruct the jury properly in relation to the law on this issue as it pertains to the evidence of the case. We find no merit to defendant's assignments of error with relation to the court's refusal to give defendant's tendered Instruction Nos. 1, 3, 4 and 5. The defendant's other assignments of error are encompassed within our ruling herein.

Judgment reversed and cause remanded for new trial.

MR. JUSTICE SUTTON concurs in the result.

MR. JUSTICE DAY not participating.