No. 24351.

GEORGE CORKY NORA *v*. THE PEOPLE OF THE STATE OF COLORADO.
(491 P.2d 62)

Decided December 6, 1971.

Rollie R. Rogers, State Public Defender, J. D. Mac-Farlane, Chief Deputy, Kenneth J. Russell, Deputy, Allan I. Lipson, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Paul D. Rubner, Special Assistant, Eugene C. Cavaliere, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

Plaintiff in error Nora, designated as defendant, was convicted of felony short-check (1967 Perm. Supp., C.R.S. 1963, 40-14-20).

At trial defendant admitted writing the check designated in the information and some others. Defendant offered as a defense that he believed his step-brother had deposited, as promised, the sum of $1,000 in the account and that an additional $1,000 would be added when the first $1,000 was gone. He testified that his step-brother had received $64,000 in settlement of a damage claim and had bought him a new car, paid $4,000 of his bills and thus, he relied on the promise of the additional funds. After opening the checking account defendant moved to New Mexico to be near his ailing mother. He was apprehended there. He testified that he never received notice of any short checks, but only a bank statement indicating that he had approximately $50 in his account. He assigns as error the trial court's refusal to give an instruction on his theory of the case and the

exclusion of tendered evidence to support his defense. We reverse.

## I.

■ The trial court did not give an instruction on defendant's "theory of the case," after such an instruction had been tendered. The tendered instruction was grammatically incorrect, but the court refused to give any additional instruction and accepted the district attorney's argument that defendant's theory was incorporated into the general jury instruction given by the court on specific intent to defraud, as a material element of the crime charged. We disagree. In *Johnson v. People,* 145 Colo. 314, 358 P.2d 873 (1961), we reversed a conviction of aggravated robbery noting that "* * * no instruction was given which *directed the attention of the jury to any particular theory of defense* relied upon * * * *" (Emphasis added.) In the instant case, the general instruction on specific intent certainly did not particularly direct the jury's attention to defendant's theory that he could not have possessed the requisite specific intent because he believed funds supplied by the step-brother would be in his account. It was the duty of the court either to correct the tendered instruction or to give the substance of it in an instruction drafted by the court. *Zarte v. People,* 163 Colo. 205, 429 P.2d 309 (1967). The court's refusal to give an adequate instruction was error.

## II.

■ Although unnecessary to our decision, we discuss defendant's second assignment of error, should there be a retrial. At trial the People objected to evidence offered through a bank officer with regard to the amounts of deposits in defendant's step-brother's account. The trial court ruled the inquiry was "irrelevant and immaterial." Defendant's offer of proof indicated that the bank officer would have testified that the step-brother opened an account in December, 1968, and made deposits in January, 1969, of approximately $16,500.

We disagree with the trial court's ruling. As indicated

by defendant in his offer of proof, evidence that defendant's step-brother had the financial ability to make the deposit relied on into defendant's account, would have tended to corroborate in part defendant's testimony and had some relevancy dealing again with whether defendant had the specific intent to defraud. For a statement as to the test of relevancy see *Davis v. Hopkins,* 18 Colo. 153, 32 P. 70 (1893). *See People v. Albrecht,* 145 Colo. 202, 358 P.2d 4 (1960).

Judgment reversed and the cause remanded for a new trial.

MR. JUSTICE KELLEY, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.