No. 25274

**The People of the State of Colorado
v. Robert Wayne Montague**
(508 P.2d 388)

Decided March 26, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, Sara Duncan, Assistant, for plaintiff-appellee.

V. G. Seavy, Jr., for defendant-appellant.

MR. JUSTICE HODGES delivered the opinion of the Court.

The defendant's conviction on the charge of forcible rape is reversed for two reasons.

(1) The trial court erred in permitting the presentation of prosecution testimony which was clearly incompetent and highly prejudicial.

(2) The trial court erred in refusing to instruct the jury on the defendant's theory of the case.

I.

The trial court erred in allowing the introduction, over the defendant's objection, of certain inadmissible and prejudicial testimony presented by the prosecution. The police officer, who investigated the rape complaint made by

the prosecutrix, testified as to statements he made to her about his opinions on the seriousness and difficulties experienced by a prosecutrix in rape prosecutions.

The reason for eliciting this prosecution testimony was obvious. It, in effect, acted as a demonstration to the jury that the prosecutrix, being fully aware of the seriousness and difficulties experienced by an alleged victim in forcible rape prosecutions, nevertheless, persisted in her formal complaint. This tended to bolster her testimony as to what occurred. The means employed here by the prosecution for the purpose of lending credibility to the testimony of the prosecuting witness is not permissible.

■ It is argued by the Attorney General that this court should not consider this matter because counsel for the defendant, when he objected to the introduction of the testimony, failed to specify the proper basis for his objection. We agree that the objection failed to meet the standards of clarity and specificity normally required. However, when prosecution evidence is so obviously incompetent and so unduly prejudicial, the objection made here should have sufficed to alert the trial judge to the impending error. This testimony is totally incompetent and easily recognizable as such.

■ It is recognized that corroborative testimony of "prompt complaint" by an alleged victim is properly admitted in a rape case. *Padilla v. People,* 156 Colo. 186, 397 P.2d 741. But even that exception is restricted to the mere fact of complaint. The details of the occurrence as related to the investigating officer by a prosecutrix and his opinions as to the seriousness of the charge and the difficulties of prosecution as told to the prosecutrix are never admissible in evidence. *Granato v. People,* 97 Colo. 303, 49 P.2d 431. *Donaldson v. People,* 33 Colo. 333, 80 P. 906.

II.

■ The trial court also erred when it refused to give an instruction setting forth the defendant's theory of the case. It was the defendant's testimony and the sole thrust of his defense that the prosecuting witness had voluntarily con-

sented to the act of intercourse and that no force or threats were used.

A properly worded instruction setting forth such a defendant's theory in a case of this nature when supported by the evidence should always be given by a trial court unless the defendant's theory is encompassed in other instructions to the jury. *Simms v. People,* 174 Colo. 85, 482 P.2d 974. We have examined the other instructions given by the trial court and in our view, they do not adequately convey to the jury the theory of the defendant's defense. The defendant therefore was entitled to an instruction in this regard. *Nora v. People,* 176 Colo. 454, 491 P.2d 62; *Zarate v. People,* 163 Colo. 205, 429 P.2d 309; and *Wertz v. People,* 160 Colo. 260, 418 P.2d 169.

### III.

The defendant was never formally arraigned. This oversight by the trial court and its ramifications are not discussed and detailed herein because of our reversal on the two grounds previously outlined herein. This is mentioned for the sole purpose of alerting the trial court so that this error may be eliminated in future proceedings in this case.

The judgment of the trial court is reversed and this cause is remanded for a new trial.

MR. CHIEF JUSTICE PRINGLE does not participate.