## No. 24971

### Gary Max Lamb and Guenther Manczur v.
### The People of the State of Colorado
(509 P.2d 1267)

Decided May 21, 1973.

Bowman, Shambaugh, Geissinger & Wright, Arthur S. Bowman, for plaintiff in error Gary Max Lamb.

Epstein, Lozow & Preblud, Gary Lozow, for plaintiff in error Guenther Manczur.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jack E. Hanthorn, Assistant, for defendant in error.

MR. JUSTICE DAY delivered the opinion of the Court.

This appeal is from a conviction of theft of skis. Defendants Lamb and Manczur were jointly charged and tried, but having separate counsel on appeal were permitted to file separate briefs in this court. The appeals were consolidated for oral argument and for decision by the court.

The facts briefly were that Lamb and Manczur were observed in the Loveland Valley ski area taking a pair of skis belonging to the complaining witness in this case. They placed them inside their car and departed, driving over Loveland pass toward the eastern slope. On the pass, they were stopped by a state patrolman, and the skis were recovered from the car. After several conflicting explanations as to the unauthorized possession of the skis, the two youths stated they took a pair of skis belonging to someone unknown from the Arapahoe Basin ski area and took them over Loveland pass and locked them in a lock ski rack at Loveland Basin ski area. They then drove a short distance to Loveland Valley ski area and picked up the pair of skis belonging to the victim in this case and started back over Loveland pass toward Arapahoe Basin. They were stopped by the patrolman. They claimed they were moving the skis from one area to another as a joke or prank.

██ Defendants contend in their principal argument that the trial court erred as a matter of law in failing to grant a motion for judgment of acquittal in that the People had failed to prove the element of specific intent to steal. The argument is without merit. All of the elements of theft were present in this case by proof of the unauthorized taking and exercising of control over the property and from inferences to be drawn from their departing with the skis and their possession of them when apprehended. Defendants' explanations were heard by the jury, and their theory of the case that the episode was intended only as a prank was given to the jury by appropriate instructions. The jury did not accept the explanations and could infer from the circumstances that, had they not been overtaken and the skis recovered, they intended to and would have deprived the owner permanently of the property. As we said in *Dodge v. People,* 168 Colo. 531, 452 P.2d 759:

"As to the issue of whether the evidence is sufficient in fact to sustain defendant's conviction, we reiterate these established rules: the evidence, with reasonable inferences therefrom, must be viewed in the light most favorable to the jury's verdict; the jury is assumed to have adopted that evidence which supports its verdict; and, the jury having found the guilt of the accused proved beyond a reasonable doubt, this court will neither weigh the evidence nor appraise the credibility of witnesses. * * *"

Defendants additionally assert error by the trial court (a) in giving instruction No. 8 on circumstantial evidence without limiting it to the issue of "specific intent"; (b) in giving instruction No. 14 — a separate one dealing with the credibility of defendants as witnesses; and (c) in administering a strong rebuke to defense counsel in the presence of the jury.

██ Although we consider instruction No. 8 to have been entirely proper, as we note defendant did not object to the instruction, offer a substitute, or include the asserted ground in his motion for new trial. Consequently, we will not consider it for the first time here. *Mingo v. People,* 171 Colo.

474, 468 P.2d 849; *Maes v. People,* 169 Colo. 200, 454 P.2d 792.

█ The giving of instruction No. 14 was not reversible error, although we have heretofore made it known that the better procedure is to give only the one integrated credibility instruction. *See Hinton v. People,* 169 Colo. 545, 458 P.2d 611.

█ In reference to the alleged prejudice stemming from the court's "dressing down" of counsel, we note that the court was attempting to expedite the trial and impartially reprimanded and rebuked counsel on both sides with like severity for inordinate delay. The court's remarks were not on the merits of the case, nor did they relate to counsel's conduct of the trial, but dealt only with defense counsel's unauthorized excusing two witnesses from attendance on the first day and the consequent necessity of adjourning trial to the next day. Counsel apologized to the court; the court accepted and recessed the case. The matter was resolved, and during the following day's proceedings neither the court nor counsel appeared to be further affected by the incident. Counsel did not move for a mistrial, nor mention the matter in the motion for a new trial. No prejudice has been shown, and none is detected from a reading of the record.

The judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.