## No. 25502

**The People of the State of Colorado v. Joseph Daniel Moya**
(512 P.2d 1155)

Decided July 30, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Hackethal, McNeill and Aucoin, P.C., George C. Aucoin, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE LEE.

Joseph Daniel Moya (defendant) was convicted by a jury in the Jefferson County district court of attempted burglary in violation of C.R.S. 1963, 40-25-1. We reverse.

The charge against defendant arose out of the following events. During the early evening hours of September 26, 1970, the office manager of Tiller's Moving and Storage in Arvada, who was working in the front office, heard noises which indicated to him that someone was trying to break in the door of the back room. He immediately called the police, and then left the premises by the front door, proceeding to a point across the street where he awaited the police. After a few minutes, a patrol car arrived and the officer upon being advised of the situation radioed for assistance. Eventually, other officers came to the scene, surrounded the building and commenced a search of the premises.

Defendant and his wife were arrested while standing behind a packing crate on the shipping dock area of the building, where they were purportedly hiding. Found at the scene was a screwdriver wedged in the door jam of the back door. Other tools, presumably used in the attempted break-in, were found close by. None of these tools were shown to belong to defendant or his wife.

In explanation of his presence at the scene, defendant, who was an employee of Tiller's Moving and Storage,

testified that he and his wife had argued earlier that evening about his after-work drinking and late arrivals at home. To mollify her, he showed her the tavern where he and his fellow workers were accustomed to drink after work. They went into the tavern and there drank some beer. Then they proceeded to Tiller's Moving and Storage where defendant showed her the dock area and explained his work in connection with the packing and shipping of crates. At this point, defendant's wife indicated it was necessary for her to answer a call of nature and she went behind one of the shipping crates. At this time the police converged on the area and defendant joined his wife behind the crate where they were then arrested. Defendant denied any involvement in the attempted burglary.

## I.

The evidence against defendant was circumstantial and his explanation of the incriminating circumstances in which he and his wife found themselves, if believed, would have absolved defendant of criminal responsibility. Defendant tendered an instruction on his theory of defense, based upon the testimony heretofore outlined. The district attorney objected, pointing out inaccuracies in the tendered instruction. Defendant's counsel then offered to correct the instruction; however, the trial court refused the instruction, even if corrected, saying: "I am going to still refuse it even if it were amended, with the statement that other instructions I feel completely cover the case and the facts in the case. Go ahead."

We note that the other instructions given by the court were the usual basic instructions common to all criminal cases and did not purport to set forth any theory of defense. In *People v. Montague,* 181 Colo. 143, 508 P.2d 388, the long-established rule was again reiterated that a properly worded instruction, setting forth defendant's theory of defense, should always be given by the trial court unless the defendant's theory is encompassed in other instructions. The fact that a defense theory instruction may be ineptly worded, grammatically incorrect, or inaccurate in some particular

does not excuse the trial court from properly instructing on the theory of defense, assuming there is evidence to support such an instruction. In *Nora v. People,* 176 Colo. 454, 491 P.2d 62, and in *Zarate v. People,* 163 Colo. 205, 429 P.2d 309, this Court specifically directed trial courts in cooperation with counsel to either correct the tendered theory of the case instruction or to incorporate the substance of such an instruction in one to be drafted by the court. Additionally, as stated in *Payne v. People,* 110 Colo. 236, 132 P.2d 441, no matter how improbable or unreasonable defendant's theory may be, he is entitled to an appropriate instruction, upon the hypothesis that it might be true. The determination of the truth of defendant's theory is, of course, a jury function. It was error for the court to refuse to give defendant's instruction on the theory of his defense.

II.

■ Over objection of defendant, the court admitted into evidence an affidavit for a search warrant, the search warrant, and the inventory and return. The search warrant authorized a search of an automobile for certain items, including a .22-caliber gun. In this connection the district attorney advised the court that reference to the gun in the documents might be prejudicial to the defendant inasmuch as the gun had no relevance to the attempted burglary charge and was not an element in the case. He suggested that this reference to the gun be stricken from the exhibit before it was admitted into evidence. The court declined to follow the district attorney's recommendation. The evidence showed no gun was found in the search of the vehicle.

It is readily apparent that the search warrant documents were hearsay and inadmissible over objection as substantive evidence in the context of this case. The attorney general's brief concedes this lack of relevance to the issues of the case.

The judgment is reversed and the cause remanded with directions to grant defendant a new trial.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.