No. 25754

## The People of the State of Colorado v. Charles X. Travis
(516 P.2d 121)

Decided November 26, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Travis was found guilty by a jury of second-degree murder. On appeal, he presents two alleged errors which he claims require reversal.

One of the defendant's contentions regarding the trial court's refusal to instruct the jury on involuntary manslaughter has merit and requires reversal of the trial court's judgment and a remand for a new trial.

The defendant's remaining contention regarding the improper impeachment of the defendant by the district

attorney's questions to the defendant regarding several prior felony convictions in New Mexico is without merit here. It is noted, however, that a question arose at trial as to whether some of these convictions could be thus used by reason of lack of counsel. No definitive information however was presented to the trial court in this regard. Prior to a retrial, it is presumed that such information will be available and will accordingly guide the district attorney in utilizing these questions again if the defendant testifies in his own behalf at a new trial.

The homicide occurred in an "after hours" bar at about 6:30 a.m. Twenty-five or thirty patrons were engaged in gambling at a crap table and at a black jack table. An argument over money owed to the defendant by the victim erupted between them. It was abruptly terminated when a shot from a revolver in the hands of the defendant killed the victim.

At trial, the foregoing facts were basically uncontroverted. However, prosecution witnesses and defense witnesses disagreed as to the circumstances which led up to the shooting. Evidence of the defendant's culpability was indicated from the prosecution's witness. On the other hand, according to the testimony of the defendant and another witness, the killing could have been unintentional.

The trial court refused to give an instruction to the jury on involuntary manslaughter as requested by the defendant. In the answer brief, the attorney general has confessed error in this regard and after our examination of this record, we agree that the trial court committed reversible error when it refused the defendant's request to give an instruction on involuntary mansalaughter.

■■■ It is well established law in this state that a defendant is entitled to an instruction on his theory of the case where there is any evidence to support it. *Bertalotto v. People,* 175 Colo. 557, 488 P.2d 1100 (1971) and *Read v. People,* 119 Colo. 506, 205 P.2d 233 (1949).

■ One of the defense theories was that the grade of the crime, if there was a crime, was at most involuntary

manslaughter because the shooting of the victim was unintentional according to some of the defense evidence presented to the jury. Therefore, the defendant's request for an instruction on involuntary manslaughter should have been granted.

Judgment reversed and cause remanded for a new trial.