No. 25988

**The People of the State of Colorado v.
William Richard Meller**
(524 P.2d 1366)

Decided July 29, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Walta, Cannon & Gaddis, J. Gregory Walta, for defendant-appellant.

MR. JUSTICE KELLEY delivered the opinion of the Court.

Defendant was convicted by a jury of issuing a short check contrary to C.R.S. 1963, 40-14-20. On appeal he argues five grounds for reversal of his conviction of which we consider

but one. We agree that the trial court should have instructed the jury on defendant's theory of the case. The failure to give such an instruction under the circumstances of this case is plain error and requires reversal of the judgment of the trial court.

The facts presented at trial are as follows: Defendant rented a house in Arapahoe County in August, 1971. The rent was payable in monthly installments of $350, due the first of each month. The defendant had been having financial problems as the result of receiving "insufficient funds" paychecks from his employer. It is uncontroverted that he did not pay the October rent on time.

Mr. Spenst, the landlord's agent, testified that he went to defendant's home on October 30, 1971, to try to collect the rent. He stated that the defendant gave him a check on that day (which was Saturday) for $700 and asked that he not deposit the check until the following Monday. Spenst testified, however, that the defendant did not notify him that he had no funds on deposit to cover the check.

Defendant's wife testified that Spenst came to their house on October 23, 1971, and was given a check, postdated to October 30, 1971, for $700. She also testified that her husband told Spenst to hold the check until he was advised to cash it.

During cross-examination of Spenst, defendant's attorney read into the record portions of testimony by Spenst in a related civil matter in which Spenst stated that the defendant had advised him at the time the check was delivered that he did not have sufficient funds on deposit to cover the check, but that he expected such funds to be available in the near future. The record also discloses that Spenst waited until November 10, 1971, to deposit the check. The bank did not honor the check due to insufficient funds. This prosecution followed.

Defendant admitted writing the check in question. His defense was predicated solely on the theory that he did not have the specific intent to defraud the payee, which is a necessary element of proof in the commission of the offense

charged. *See Moore v. People,* 124 Colo. 197, 235 P.2d 798 (1951); *Nora v. People,* 176 Colo. 454, 491 P.2d 62 (1971). An examination of the record makes it abundantly clear that defendant was trying to establish through the testimony of his wife and the testimony of Spenst on cross-examination that the alleged postdating of the check and the request to Spenst to hold the check negated an intent to deceive and defraud Spenst.

 The intent to defraud the payee would be conclusively negated if a defendant disclosed, at the time of the issuance of a check, that he did not have sufficient funds on deposit to cover the check. The transaction then becomes one where the payee extends credit to the maker of the check. Likewise, a postdated check, in the absence of a present representation that the check is good, carries on its face implied notice that the maker does not presently have sufficient funds on deposit to pay the check. However, before this notice will be implied, the payee must be made aware that the check is, in fact, postdated. *See People v. Poyet,* 6 Cal.3d 530, 99 Cal. Rptr. 758, 492 P.2d 1150 (1972); *State v. Eikelberger,* 72 Idaho 245, 239 P.2d 1069 (1952); *Shepherd v. People,* 109 Colo. 582, 129 P.2d 104 (1942); *see generally* 32 Am.Jur.2d, *False Pretenses* § 81.

When the court conferred with counsel regarding its instructions to the jury, the defendant's attorney approved all the instructions to be given. He also tendered one on behalf of the defendant dealing with the specific intent to defraud. This was in the nature of a theory of the case instruction. Defendant's evidence entitled him to a proper theory of the case instruction and the court should have given one. It was plain error, under the circumstances of this case, not to give one.

Another instruction which must be discussed in connection with the fairness of defendant's trial was one tendered by the People and given by the court. It reads:

"In a prosecution of this nature the People are not bound to prove the exact date as alleged in the information. It is sufficient if it shall appear from the evidence, to your

satisfaction, beyond a reasonable doubt, that the defendant committed the crime charged in the information at any period of time within three years before the second of May, 1972, the date of filing the complaint and information."
Defense counsel did not object to the giving of this instruction.

■ The law is well settled in Colorado that a defendant is entitled to an instruction on his theory of the case when there is evidence in the record to support such an instruction. *People v. Travis,* 183 Colo. 255, 516 P.2d 121 (1973); *People v. Moya,* 182 Colo. 290, 512 P.2d 1155 (1973); *People v. Montague,* 181 Colo. 143, 508 P.2d 388 (1973); *Nora v. People, supra; Zarate v. People,* 163 Colo. 205, 429 P.2d 309 (1967); *Payne v. People,* 110 Colo. 236, 132 P.2d 441 (1942). It was stated in *People v. Montague, supra,* at 389:
"A properly worded instruction setting forth such a defendant's theory in a case of this nature when supported by the evidence should always be given by a trial court unless the defendant's theory is encompassed in other instructions to the jury."
Here, the thrust of the defense was clear. The defendant did not argue that he had not written the check. Rather, his evidence showed that the check was given to Spenst on October 23, 1971, and was postdated to October 30, 1971. Additionally, there was evidence that the defendant informed Spenst that he did not have sufficient funds on deposit to cover the check. This evidence, if believed by the jury, would have required an acquittal.

The trial court failed to instruct the jury on the legal effect of this evidence, if believed by the jury. Instead, the court gave the instruction set out above that the People did not have to prove the exact date of the offense as set out in the information. There was really no issue on the point to which the instruction was directed. This instruction was confusing, at least, if not destructive of defendant's theory of the case. The defendant tried to show that the check was postdated and that postdating was evidence of a lack of an intent to defraud. The People's instruction, if it told the jury anything,

told them that the postdating of the check was not important. The postdating and the delay in the deposit of the check were competent evidence in support of defendant's theory of defense.

■ Ordinarily, we would not take note of erroneous instructions in the absence of a contemporaneous objection which gives the trial court an opportunity to correct error in its proceedings. *People v. Bowen,* 182 Colo. 294, 512 P.2d 1157 (1973); *Lamb v. People,* 181 Colo. 446, 509 P.2d 1267 (1973). However, where the error is one affecting substantial rights of a defendant, we will consider it even though it is raised for the first time on appeal. *People v. Archuleta,* 180 Colo. 156, 503 P.2d 346 (1972); *People v. Morant,* 179 Colo. 287, 499 P.2d 1173 (1972); *McRae v. People,* 101 Colo. 155, 71 P.2d 1042 (1937). *See* Crim. P. 52(b).

■ Here we hold that the failure to instruct the jury on the defendant's theory of the case combined with the giving of the instruction that the exact date of the alleged offense was not material constitutes plain error and denied the defendant a fair trial. Not only was the defendant denied an instruction on his theory of the case, but the instructions given augered against the thrust of his defense.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

MR. JUSTICE DAY and MR. JUSTICE GROVES specially concur.

MR. JUSTICE ERICKSON concurs in the result only.

MR. JUSTICE DAY and MR. JUSTICE GROVES specially concurring:

We concur in the result as there was an issue of fact as to whether the check was postdated. If the check was postdated, we would hold that the defendant should stand acquitted of the charge as a matter of law.