(Nos. 58643, 58658 cons

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CLARENCE DACE, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. FREDDIE WILLIAMS, Appellee.

*Opinion filed October 19, 1984.—Rehearing denied November 30, 1984.*

SIMON, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield, and Edward F. Petka, State's Attorney, of Joliet (Mark L. Rotert and David E. Bindi, Assistant Attorneys General, of Chicago, and John X. Breslin and Patricia Hartmann, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli and Thomas A. Lilien, of the Office of the State Appellate Defender, of Ottawa, for appellee.

Neil F. Hartigan, Attorney General, of Springfield, and Raymond Kimbell III, State's Attorney, of Galesburg (Mark L. Rotert and David E. Bindi, Assistant Attorneys General, of Chicago, and John X. Breslin and Terry A. Mertel, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli and Thomas A. Lilien, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants Clarence Dace (Docket No. 58643) and Freddie Williams (Docket No. 58658), in the circuit courts of Will and Knox counties, respectively, were charged in one-count informations with unrelated offenses of residential burglary with intent to commit a theft (Ill. Rev. Stat. 1981, ch. 38, par. 19—3). Following jury trials defendants were convicted of residential burglary, were sentenced to the penitentiary, and appealed. Holding that the circuit court erred in refusing to give instructions tendered by defendants on the offense of theft (Ill. Rev. Stat. 1981, ch. 38, par. 16—1), the appellate court reversed and remanded (*People v. Dace* (1983), 114 Ill. App. 3d 908; *People v. Williams* (1983), 114 Ill. App. 3d 1159 (Rule 23 order (87 Ill. 2d R. 23))). We allowed the People's petitions for leave to appeal (87 Ill. 2d R. 315(a)) and consolidated the causes. In cause No. 58643, the facts are adequately set forth in the opinion of the appellate court and will be restated here only to the extent necessary to discuss the issues.

In cause No. 58658, the testimony showed that Knox County Deputy Sheriff Hasten stopped defendant's automobile which had only one tail light and had swerved out of its lane. Hasten looked into the automobile and saw a number of items of personal property which defendant permitted the officer to check. The number of a telephone found in defendant's vehicle was traced to defendant's neighbor, Mrs. Murray. Further investigation revealed that Mrs. Murray's apartment had been ransacked, and that all of the items found in defendant's car were hers. Arguing that there was direct evidence that defendant was in possession of stolen property, but only circumstantial evidence that he was responsible for the unauthorized entry of the Murray apartment, defend-

ant tendered instructions in the form of Illinois Pattern Jury Instructions (IPI), Criminal No. 13.01 (2d ed. 1981) (definition of theft by unauthorized control) and IPI Criminal No. 13.02 (issues in theft by unauthorized control). The circuit court gave the definitional instruction but refused the issues instruction. It also refused to submit forms of verdict on the offense of theft. The basis of the refusal of the tendered instructions was that theft by unauthorized control was not a lesser included offense of residential burglary.

In Docket No. 58643 (Dace), the testimony of two accomplices showed that defendant had participated in a burglary and that a number of items of personal property were removed to defendant's house. None of the property was recovered, and a stipulation contained in the record shows that in a search conducted with defendant's consent, none of the property was found in his house. The circuit court gave an instruction tendered by the People in the form of IPI Criminal No. 13.01, but refused an instruction tendered by defendant in the form of IPI Criminal No. 13.02. Holding that the circuit court erred in refusing to instruct the jury on the lesser offense of theft, the appellate court reversed and remanded. Although recognizing that under the "traditional definition," theft is not a lesser included offense of burglary, the appellate court held the jurors should have been instructed on the elements of theft because the evidence adduced at trial would support a conviction for that offense.

The appellate court said:

"Courts have long recognized that jurors are likely to convict a defendant, even when proof of an element of a charged offense is questionable or missing, if the defendant is plainly guilty of some offense and the jurors have no other choice but conviction or acquittal. (*Keeble v. United States* (1973), 412 U.S. 205, 36 L. Ed. 2d 844, 93

S. Ct. 1993.) The availability of a lesser offense provides the jury with a 'third option' and gives the defendant the benefit of the reasonable doubt standard. As the Ninth Circuit emphasized, 'it makes no sense to confine our discovery of lesser included offenses to the barren words of the criminal code, uninformed by the evidence introduced at trial. It is, after all, that evidence which would convince the jury the defendant was guilty of some offense \*\*\*.' *United States v. Johnson* (9th Cir. 1980), 637 F.2d 1224, 1238." (*People v. Dace* (1983), 114 Ill. App. 3d 908, 918.)

This is essentially the rationale for the approval of the doctrine of "inherent relationship" enunciated in *United States v. Whitaker* (D.C. Cir. 1971), 447 F.2d 314. (See also *United States v. Johnson* (9th Cir. 1980), 637 F.2d 1224; *People v. Geiger* (1984), 35 Cal. 3d 510, 674 P.2d 1303, 199 Cal. Rptr. 45; *People v. Rivera* (1974), 86 Colo. 24, 525 P.2d 431.) In *Whitaker,* the court, interpreting Rule 31(c) of the Federal Rules of Criminal Procedure, which provides that "[t]he defendant may be found guilty of an offense necessarily included in the offense charged," said "that defendant is entitled to invoke Rule 31(c) when a lesser offense is established by the evidence adduced at trial in proof of the greater offense, with the caveat that there must also be an 'inherent' relationship between the greater and lesser offenses, *i.e.,* they must relate to the protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense.". *United States v. Whitaker* (D.C. Cir. 1971), 447 F.2d 314, 319.

Illustrative of the application of the "inherent relationship" test is the opinion of the Supreme Court of Colorado, in *People v. Rivera* (1974), 186 Colo. 24, 525 P.2d 431. After concluding that assault with a deadly

weapon was not, as defined by statute, a lesser included offense of assault with intent to commit murder, the court held that it was error to refuse an instruction on the lesser offense. The court said:

"The conclusion that the statutory test shall be applied to find if an offense is lesser included places the second aspect of the problem at issue in this case: Does the statutory test in this case preclude the defendant from entitlement to an instruction on the lesser—even though not included—offense of assault with a deadly weapon when it is supported by the evidence? We answer this question in the negative.

It is well settled in Colorado that a defendant is entitled to have the court instruct the jury on the defense theory of the case as revealed by the evidence. *People v. Travis,* 183 Colo. 255, 516 P.2d 121 (1973); *People v. Moya,* 182 Colo. 290, 512 P.2d 1155 (1973); *People v. Montague,* 181 Colo. 143, 508 P.2d 388 (1973); *Payne v. People,* 110 Colo. 236, 132 P.2d 441 (1942). Though the statutory test will preclude the submission of such an instruction at the request of the district attorney or by the court because of the notice requirement, we see no reason to bar the submission of an instruction on a *lesser* offense—though not included—where it is supported by the evidence and the defendant wants it. We hold, therefore, that a theory of the case instruction which permits the jury to find a defendant innocent of the principal charge and guilty of a lesser charge should be given when warranted by the evidence. It is tantamount to a defendant's consent to an added count being charged against him and somewhat similar to the civil procedure rule permitting amendment of the pleadings to conform to the evidence. Such a holding can insure better trials and fairer verdicts. Without such an instruction, the jury may be aware of the commission of a crime, not the principal charge, and yet convict the defendant of the greater crime." 186 Colo. 24, 28-29, 525 P.2d 431, 434.

The People contend that this court should not adopt the "inherent relationship test" for determining when a

defendant is entitled to a lesser offense instruction. They argue that the doctrine confuses rather than clarifies the included-offense concept, and serves to undermine the statutory authority of the State's Attorney to determine which charge should be brought against a defendant. Defendants contend that the appellate court properly applied the inherent-relationship test and that it serves to give the defendant the full benefit of the reasonable-doubt standard applicable in all criminal prosecutions.

On a prior occasion this court was urged to adopt the inherent-relationship test but declined to do so. In *People v. Mays* (1982), 91 Ill. 2d 251, the defendant was charged with and convicted of rape, and on appeal contended that the circuit court erred in refusing his tendered instruction for the offense of battery. The court concluded that there was no inherent relationship between the two offenses and it was therefore unnecessary to consider the adoption of the test proposed by the defendant.

In our opinion the inherent-relationship test, if applied in the manner urged by defendant, would be counterproductive. The contentions concerning what constitutes a lesser-included offense are, of course, limited by the statutory definition, but the contentions concerning which offenses serve to protect "the same interests" would be limited only by the ingenuity of counsel. In our opinion it would be very nearly impossible to formulate general governing principles and would require decision on an *ad hoc* basis depending upon the evidence adduced. We decline, therefore, the invitation to adopt the inherent-relationship test as espoused by defendants.

While we do not agree with the appellate court that there is an inherent relationship between the crimes of residential burglary and theft, we agree that on these records the circuit court should have given the tendered instructions. The information in each case charged residen-

tial burglary with intent to commit a theft. The proof of the offense charged requires proof of the specific intent (*People v. Toolate* (1984), 101 Ill. 2d 301), and the evidence adduced in each case would support a conviction of theft (*People v. Housby* (1981), 84 Ill. 2d 415). We hold that under these circumstances, where the information charged the specific intent to commit theft and the offense of theft was proved by the evidence, refusal to give defendant's tendered instructions was error.

Defendant Dace (Docket No. 58643) contends that the evidence does not prove him guilty beyond a reasonable doubt. We do not consider it necessary to discuss the question, and it suffices to say that we agree with the appellate court that the evidence was sufficient to sustain a conviction for either residential burglary or theft. See *People v. Dace* (1983), 114 Ill. App. 3d 908, 911-12.

Because these causes are remanded for new trials, with one exception, we do not consider it necessary to consider or discuss the other claims of error briefed and argued by the parties. In *Dace*, the appellate court held that in refusing to permit discovery of the mental health history of the People's witness, Sherri Brown, the circuit court committed reversible error. The question is discussed in detail in the opinion of the appellate court (see 114 Ill. App. 3d 908, 912-16), and we need not repeat the discussion here. It suffices to say that we agree with the appellate court that, under the circumstances shown by the evidence, the refusal to permit the discovery was reversible error.

For the reasons stated, the judgments of the appellate court are affirmed.

*Judgments affirmed.*

JUSTICE SIMON, dissenting:

The majority opinion affirms the appellate court's acknowledgment that theft is not a lesser included offense

of residential burglary with intent to commit theft. This is consistent with the definition of a "lesser included offense" set out in *People v. Cramer* (1981), 85 Ill. 2d 92, 99-100, which would exclude an instruction for theft in the present circumstances because the greater offense, residential burglary with intent to commit theft, does not require proof of theft, but only of the specific intent to commit theft.

At the same time, however, the majority opinion declines to adopt the "inherent relationship" test to justify an instruction requested by the defendant covering theft. The majority opinion rejects reliance on this test on the ground that it would lead to *ad hoc* decisions. The flaw in the opinion is that it then does precisely what it warns against by offering no governing principle for its conclusion that when residential burglary with intent to commit theft is charged and the evidence would support a conviction for theft, the defendant's request for an instruction on theft must be granted.

This court has never seen fit to apply the "inherent relationship" test. (See *People v. Mays* (1982), 91 Ill. 2d 251.) In this case, the majority states that if the "inherent relationship" test were applied in the manner urged by the defendant, the result "would be counterproductive." (104 Ill. 2d at 102.) Until we forthrightly adopt and apply the "inherent relationship" test in the way it has been applied in the Federal cases and in the California and Colorado cases cited in the majority opinion, it seems to me that the tendered instruction on theft was properly refused, and I can find no error in what the trial judge did.