**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Russell R. SPURRIER, Defendant-Appellee.**

**No. 84SA76.**

Supreme Court of Colorado, En Banc.

Jan. 13, 1986.

Rehearing Denied Jan. 31, 1986.

Gary S. Stork, Dist. Atty., Clinton A. Smith, Deputy Dist. Atty., La Junta, for plaintiff-appellant.

David F. Vela, State Public Defender, Jody Sorenson Theis, Judy Fried, Deputy State Public Defenders, Denver, for defendant-appellee.

ERICKSON, Justice.

Russell R. Spurrier was charged with fraud by check over $200 in the Otero County District Court. § 18–5–205(2), 8 C.R.S. (1978). After a preliminary hearing, the district court dismissed the charge on the ground that the evidence did not establish probable cause to believe Spurrier intended to defraud the payee of the check. The district attorney appealed. We reverse and remand with directions to reinstate the charge against Spurrier.

---

**5.** On remand, the trial court may not invoke the doctrine of estoppel as a basis for finding that jurisdiction exists in Colorado. The U.C.C.J.A. addresses subject matter jurisdiction, not personal jurisdiction. *Boisvert v. Boisvert*, 143 Vt. 445, 466 A.2d 1184 (1983). Subject matter jurisdiction cannot be waived or conferred by consent, estoppel, or laches. *May v. Supreme Court of State of Colorado*, 374 F.Supp. 1210 (D.Colo.), *aff'd*, 508 F.2d 136 (10th Cir.1974), *cert. denied*, 422 U.S. 1008, 95 S.Ct. 2631, 45 L.Ed.2d 671 (1975).

At the preliminary hearing, the prosecution called two witnesses. Spurrier presented no evidence. The first witness, Bert D. Hansen, was the owner of H & H Auto Sales in La Junta. He testified that on March 23, 1983, he agreed to sell a used truck to Spurrier for $2,995. Spurrier promised to deliver his automobile as a trade-in for part of the purchase price and tendered a check in the amount of $2,525 for the balance. According to Hansen, Spurrier told him at the time he drew the check that there were insufficient funds in his account to cover the check. However, Spurrier said he was in the process of negotiating a loan, the proceeds of which would be deposited in his account to cover the check. Hansen then permitted Spurrier to take possession of the truck, which was to be collateral for the loan.

Later the same day, Hansen called Spurrier's bank and verified that Spurrier had applied for a loan. He was told that the loan would be approved when the bank received the title to the truck. After talking to the bank, Hansen transferred title to the truck to Spurrier.

The check issued by Spurrier was returned unpaid to Hansen. The second witness called by the prosecution, an employee of Spurrier's bank, testified that on the date the check was issued, Spurrier's account was overdrawn. The bank closed the account one week later with a negative balance because Spurrier had issued numerous checks without sufficient funds in his account to cover the checks. No loan proceeds were ever deposited in the account. Spurrier never contacted Hansen regarding the dishonored check, nor did he deliver the trade-in vehicle or return the truck to Hansen.

Section 18–5–205(2), 8 C.R.S. (1978), provides:

> Any person, knowing he has insufficient funds with the drawee, who, with intent to defraud, issues a check for the payment of ... property ... commits fraud by check.

Here, it is undisputed that Spurrier issued a check to pay for the truck, knowing that he had insufficient funds on deposit. The only question is whether there is probable cause to believe he had the intent to defraud. In dismissing the charges against Spurrier, the district court relied on *People v. Meller*, 185 Colo. 389, 524 P.2d 1366 (1974). The defendant in *Meller* gave his landlord a check to pay his overdue rent. The check was not paid because of insufficient funds, and charges were brought against the defendant for issuance of a short check. The defendant contended that he did not intend to defraud the landlord. During the trial the defendant presented testimony that he had informed the landlord that there were insufficient funds on deposit to cover the check, but that he expected funds to be available in the near future. There was also testimony that the defendant told the landlord to hold the check until he was advised to cash it and that the check was in fact postdated. The defendant claimed that the transaction involved the extension of credit. He tendered an instruction on his theory of the case, which the trial court refused. Because there was evidence to support the instruction, we held that the trial court's refusal to give the instruction was plain error. We said:

> The intent to defraud the payee would be conclusively negated if a defendant disclosed, at the time of the issuance of a check, that he did not have sufficient funds on deposit to cover the check. The transaction then becomes one where the payee extends credit to the maker of the check. Likewise, a postdated check, in the absence of a present representation that the check is good, carries on its face implied notice that the maker does not presently have sufficient funds on deposit to pay the check. However, before this notice will be implied, the payee must be made aware that the check is, in fact, postdated.

*Id.* at 392, 524 P.2d at 1367 (citations omitted).

Here, the district court, relying on the quoted language, concluded that since Spurrier disclosed that he did not have

sufficient funds to cover the check, the absence of fraudulent intent must be conclusively presumed. We reject this broad reading of *Meller*. The quoted language must be read in the context of the facts in *Meller*, where the evidence supported the defendant's contention that he intended to obtain and deposit funds to cover the check. The question of intent was for the jury to decide, and the defendant was entitled to an instruction that it was his theory of the case that he did not have the intent to defraud.

By contrast, the issue in this case is whether there is probable cause to support the charge that Spurrier committed the crime of fraud by check. At a preliminary hearing, the prosecution need only present evidence "sufficient to induce a person of ordinary prudence and caution conscientiously to entertain a reasonable belief that the defendant may have committed the crimes charged." *People v. Treat*, 193 Colo. 570, 574, 568 P.2d 473, 474–75 (1977) (citations omitted). In deciding whether probable cause exists, the trial court must draw all reasonable inferences in favor of the prosecution. *People v. Holder*, 658 P.2d 870 (Colo.1983). Although we seldom second-guess a trial court's determination that probable cause is lacking, where the evidence is sufficient to establish probable cause as a matter of law, reversal is required. *People v. Walker*, 675 P.2d 304 (Colo.1984); *People v. Holder*, 658 P.2d at 870.

The evidence at the preliminary hearing showed that Spurrier issued a check knowing that he did not have sufficient funds to pay the check. He promised to negotiate a loan to cover the check, with the truck as collateral, and to deliver a trade-in vehicle as part payment for the truck. However, he failed to transfer the title to the truck to his bank so that the loan could be processed, and he never delivered the trade-in vehicle. In fact, Spurrier never made payment of any kind for the truck. Only one week after Spurrier issued the check, his account was closed because of repeated overdrafts. The evidence, viewed in the light most favorable to the prosecution,

establishes probable cause to believe that Spurrier intended to defraud Hansen at the time he issued the check.

Accordingly, the judgment of dismissal is reversed, and the case is remanded to the district court with directions to reinstate the charge of fraud by check.