**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Glen Stephen FULLER,
Defendant-Appellant.**

No. 86CA0782.

Colorado Court of Appeals,
Div. II.

Dec. 17, 1987.

Rehearing Denied Jan. 21, 1988.

Certiorari Granted (People) June 6, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for plaintiff-appellee.

John P. Van Ness, Aspen, for defendant-appellant.

SMITH, Judge.

Defendant, Glen Stephen Fuller, appeals from judgments of conviction entered upon

jury verdicts finding him guilty of attempt to disarm a police officer, criminal mischief, and resisting arrest. Defendant contends the trial court erred in not instructing the jury on his theory of the case, which was self-defense. We reverse and remand for a new trial.

Following an altercation caused by the defendant at a restaurant, several law enforcement officers arrived at the defendant's residence and ordered him to come outside. Another occupant of the residence who had been at the restaurant came out and was subdued and arrested. The evidence discloses that the entire atmosphere was one of shouting and confusion. When the defendant failed to come out, two officers with drawn weapons entered the residence. They found the defendant inside holding onto and restraining a large husky-type dog.

When defendant refused to comply with the officers' orders to go outside, the officers approached to within a few feet and held him at gun point, one with a shotgun, the other with a pistol, until more officers could be summoned to assist them. Meanwhile, the defendant warned the officers the dog was trained to attack.

While the defendant was still holding onto the dog, a voice came from outside shouting either "Shoot" or "Shoot the dog." One of the officers inside the home repeated the statement. The defendant thereupon reached out and attempted to deflect the muzzles of the officers' weapons which were pointed at him and the dog, thus giving rise to the "attempt to disarm charge." The defendant was subsequently subdued without any gunfire. All three charges of which defendant was found guilty arose out of the facts surrounding his apprehension and arrest. The testimony was in conflict as to exactly when, during the course of these events, the statement, "Shoot" or "Shoot the dog," was made.

Defendant maintains that the trial court erred by refusing to give the jury an instruction on self-defense. He contends, and he testified, that he attempted to deflect or push the guns away only in response to the "shoot the dog" statement

because he believed that he would have been injured had the officers shot the dog which he was holding. The trial court ruled, in essence, that the police officers had not resorted to unreasonable or excessive force, a prerequisite to defendant being entitled to act in self-defense, and thus, it refused to give the tendered instruction to the jury.

■ Section 18–8–103, C.R.S. (1986 Repl. Vol. 8B) provides that a person may not raise the right of self-defense in defending the charge of resisting arrest even if the arrest was unlawful unless the arresting officer was resorting to "unreasonable or excessive force." Thus, to be entitled to an instruction on the right of self-defense, there must be some evidence from which a fact-finder could determine that the arresting officers were using unreasonable or excessive force. *See* § 18–1–707, C.R.S. (1986 Repl.Vol. 8). Since this determination is one of fact, the court, in light of the defendant's testimony, erred in disposing of it as a question of law.

We hold that the testimony provided some evidence to support the theory that the officers were resorting to, or were about to exercise, unreasonable or excessive force, such that defendant was entitled to act as he did. *See* § 18–1–407, C.R.S. (1986 Repl.Vol. 8B).

■ An instruction embodying the defendant's theory of the case must be given if there is *any* evidence in the record to support it, and this is so, no matter how improbable or unreasonable defendant's theory. *People v. Dillon*, 655 P.2d 841 (Colo.1982). Accordingly, since defendant's testimony constituted some evidence in support of his theory that the officers used, or were about to use, excessive force, and that he was entitled to assert self defense, it was reversible error for the trial court to refuse to give the requested instruction. *See People v. Moya*, 182 Colo. 290, 512 P.2d 1155 (1973).

■ The trial court also indicated that, in part, its refusal to give the instruction was based on the fact that defense counsel did not have properly drafted instructions

prepared to present to the jury. Trial courts, however, have the responsibility to cooperate with counsel, either to correct a tendered theory of the case instruction, or to incorporate the substance of such an instruction in one to be drafted by the court. *People v. Moya, supra; see People v. Weiss*, 717 P.2d 511 (Colo.App.1985). Thus, insofar as the trial court's refusal to give an instruction on defendant's theory of the case was based on this premise, the refusal was likewise erroneous.

The judgment is reversed and the cause is remanded for a new trial.

STERNBERG and METZGER, JJ., concur.