The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Kathleen Michele HERBISON,
Defendant–Appellant.

No. 86CA1155.

Colorado Court of Appeals,
Div. II.

May 19, 1988.

Rehearing Denied June 23, 1988.

Certiorari Denied Sept. 19, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Ann Feinstein Levis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jaydee K. Bachman, Deputy State Public Defender, Denver, for defendant-appellant.

NEY, Judge.

Defendant, Kathleen Michele Herbison, appeals the judgment of conviction entered on a jury verdict finding her guilty of theft and conspiracy to commit theft. Defendant contends the trial court's jury instruction on her theory of the case denied her the right to present a defense. We agree and, therefore, reverse.

Defendant and her sister-in-law, Doris Murray, were shopping in a jewelry store when the manager noticed Ms. Murray attempting to put a gold chain into her pocket. The chain fell to the floor, was retrieved by the manager, and returned to a display case. Upon placing this chain in the display case, the manager noticed that another piece of jewelry from the case was missing. She took no action however, and continued to show the defendant additional necklaces.

Approximately 35 minutes after entering the store, Ms. Murray decided to purchase four chains. She attempted to pay for these items with a $6,000 cashier's check. The store manager declined to accept the check, and a discussion about an alternate method of payment ensued. During this discussion defendant exhibited signs of nervousness and left the store and waited for her sister-in-law in her car. After Ms. Murray left the store and entered the car, defendant quickly drove from the area.

The store manager subsequently discovered nine pieces of jewelry missing. The police were called, and defendant was later arrested in her home. One of the chains missing from the jewelry store was found in the defendant's home.

Defendant testified at trial and denied any involvement in the theft. She stated that when she entered the store, she was unaware that her sister-in-law intended to take any jewelry nor did she see Ms. Murray leave the store with any stolen jewelry. Only later, when Ms. Murray left a gold necklace in defendant's house, did defendant realize what had occurred. Defendant also explained her uneasiness and rapid departure from the store when Ms. Murray produced the cashier's check. She testified that she did not believe her sister-in-law had that much money and did not want to be part of an illegal scheme.

At the close of the evidence defense counsel tendered a theory of the case in-

struction. The trial court refused the instruction, finding it to be merely additional argument in support of defendant's general denial. The court did, however, combine the defendant's theory of the case instruction with the standard informational instruction relating to the charge and plea:

"The defendant Kathleen Michele Herbison is charged in the Information with the crimes of theft and conspiracy to commit theft alleged to have occurred in El Paso County, Colorado on or about March 20, 1986.

"To this charge the defendant has pleaded not guilty. The defendant denies any knowledge that Doris Fay Murray intended to commit theft as required in element No. 3 of instruction No. 5 and 6, and denies any participation in any theft.

"These are the issues for you to decide but are not evidence."

Defendant objected to the court including the last sentence in the instruction particularly the phrase "but are not evidence." The defendant based her objection on the inference that the defendant's testimony as summarized in the instruction was not evidence. The court overruled the objection.

Defendant argues the last sentence of the instruction was prejudicial and an incorrect statement of the law, requiring reversal of her conviction. We agree.

The determination of the truth of a defendant's theory of the case is a jury function, *People v. Moya*, 182 Colo. 290, 512 P.2d 1155 (1973), and hence, a defendant has a constitutional right to a lucid and accurate instruction to the jury on his theory of defense. *See Bustamonte v. People*, 157 Colo. 146, 401 P.2d 597 (1965).

In assessing the propriety of a particular jury instruction, this court must consider all the instructions as a whole. *People v. Manier*, 184 Colo. 44, 518 P.2d 811 (1974). When various instructions are in direct conflict and one of the instructions is an incorrect and clearly prejudicial statement of the law, the fact that other instructions contain a correct statement of the law cannot cure the error. *People v. Riley*, 708 P.2d 1359 (Colo.1985).

Here, inclusion of the last sentence in the theory of the case instruction was so misleading as to constitute reversible error. This language, in effect, instructed the jury that defendant's testimony was not to be given the same weight and consideration as other testimony presented at trial. As such, the language is a misstatement of the law and clearly prejudicial because it negates the import and validity of the defense presentation.

Further, this sentence could have only served to confuse the jury. On the one hand, the jurors were instructed in assessing witness credibility, and further instructed to consider all testimony given at trial. On the other hand, the theory of the case charge in essence instructed the jurors to disregard the issue of defendant's credibility and not to consider defendant's testimony as evidence. Therefore, the various instructions were inconsistent.

Contrary to the People's contention, we are not persuaded that the instructions, when viewed as a whole, adequately cured the prejudice occasioned by the misleading language in the theory of the case instruction. Unlike those instances where an omission or misstatement in an instruction may be considered harmless because the omitted or correct premise is adequately addressed in another instruction, the additional language in this theory of the case instruction is, in itself, so straightforward that a reasonable juror could only conclude that defendant's testimony was not to be considered evidence. The impact of this instruction was to deny defendant her right to present a defense, and as such, it constitutes reversible error.

The judgment is reversed and the cause is remanded for new trial.

SMITH, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting:

The jury instruction at issue indicated defendant's general denial of any knowledge of or participation in the crime. The next sentence in the instruction stated: "These are the issues for you to decide but are not evidence." The majority asserts the inclusion of this sentence constituted reversible error because, in effect, it instructed the jury that her testimony at trial

denying knowledge of the crime was not to be considered evidence. I disagree and, therefore, respectfully dissent.

In determining whether a jury has been adequately informed on a defendant's theory of the case, all of the tendered instructions must be considered together. *People v. Tippett*, 733 P.2d 1183 (Colo.1987). When the instructions, read as a whole, adequately inform the jury on the law, there is no reversible error. *See People v. Olona*, 180 Colo. 299, 505 P.2d 372 (1973).

Here, the trial court instructed the jury on the presumption of innocence. It was separately instructed on the essential elements of the crimes charged, and on the prosecution's burden to prove all elements beyond a reasonable doubt. Furthermore, the jury was instructed to consider all testimony presented at trial.

The substance of defendant's theory of the case was encompassed in the instructions, and the instructions adequately advised the jurors that they were to consider the defendant's testimony as evidence. The claimed error, if any, was harmless. I would affirm the judgment of conviction.